753 So.2d 605 (2000)
STATE of Florida, Appellant,
v.
Darryl James BARNES, Appellee.
No. 2D98-4451.
District Court of Appeal of Florida, Second District.
February 18, 2000.
*606 Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellee.
DAVIS, Judge.
The State appeals the departure sentence of Darryl James Barnes, alleging that the trial court failed to give a valid reason, supported by competent evidence, for the downward departure. We reverse.
Barnes entered his plea to one count of dealing in stolen property and to one count of grand theft pursuant to an agreement with the trial court that he would be sentenced to community control and a consecutive period of probation. They reached the agreement after Barnes' attorney advised the trial judge that a Polk County trial court had already sentenced Barnes, on a violation of probation conviction, to community control and probation, with a special condition that he obtain treatment for his substance abuse. The trial court in this case agreed to impose the same sentence on the new charges and run it concurrently with the existing sentence.
The State pointed out that the guidelines scoresheet called for a minimum prison sentence of 19.2 months, and objected to the proposed sentence. The trial court, over the State's objection, accepted the pleas and imposed the community control/probation sentence.
A trial court must impose a guidelines sentence unless the court finds that the evidence supports a valid reason for a departure sentence. See Fla. R.Crim. P. 3.701(d). In this case, the record is unclear as to exactly what the trial judge found to be the valid reason for the downward departure. When Barnes' attorney advised the trial court of the Polk County sentence, the trial judge apparently surmised that the sentence was a downward departure and that a valid reason supported the departure. Barnes' attorney represented to the trial court that the Polk County Court's reason was that Barnes had a serious drug problem and was amenable to treatment.
In overruling the State's objection to the downward departure sentence, the trial court made a general reference to "treatment." The record indicates that the trial judge was referring to substance abuse treatment. However, the trial judge completed *607 the guidelines scoresheet by marking, as the reason for departure, "Defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and the defendant is amenable to treatment." Regardless of which type of treatment the trial judge was considering, the downward departure was error.
A sentence that departs downward from the sentencing guidelines must be supported by competent substantial evidence. See State v. Bostick, 715 So.2d 298, 299 (Fla. 4th DCA 1998). This record contains no evidence whatsoever related to any mental disorder or physical disability of the Appellee. The only evidence that Barnes needed any kind of treatment is Barnes' attorney's representation that Barnes needed drug treatment and that the Polk County court had ordered such treatment. However, a defendant's need for drug treatment is no longer a valid departure basis. See § 921.0016(5), Fla. Stat. (1997); State v. O'Dorle, 738 So.2d 987, 987 (Fla. 2d DCA 1999).
When Barnes' counsel advised the trial judge of the Polk County probation violation sentence, the trial judge observed, "They're so liberal over there. I'll give him ... since he's already gotten sentenced over there ... fill out a plea form with all the terms and conditions and I'll do what they did over there." If, by this comment, the trial judge was attempting to take judicial notice of a finding of a valid reason for departure in the Polk County case, he failed to do so properly. See § 90.204, Fla. Stat. (1997). Consequently, the trial court lacked any evidence to support the downward departure.
Barnes argues that the State waived appeal on this issue by not making a sufficiently specific objection to the downward departure sentence. We disagree. The State does not have to advise the trial court specifically that the reason for the departure is invalid. See State v. Ford, 739 So.2d 629 (Fla. 3rd DCA 1999). In this case, the State asserted its objection to departing downward from the guidelines sentence before the trial judge entered into the agreement with Barnes, and the trial judge noted that the departure was over the State's objection. We believe this preserved the issue sufficiently for review.
Reversed and remanded for re-sentencing pursuant to the guidelines. However, since Barnes entered his plea based on an agreement with the trial court, it should give him the opportunity to withdraw his plea.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.