770 So.2d 237 (2000)
STATE of Florida, Appellant,
v.
James CLARK, Appellee.
No. 4D99-2673.
District Court of Appeal of Florida, Fourth District.
October 25, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellant.
Rick J. Douglas of the Law Firm of Gary S. Ostrow, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Upon finding that the Defendant had violated his probation, the trial court imposed a downward departure sentence. The State appeals, arguing that the reasons given for the departure were invalid. We affirm.
Sentencing errors may not be raised on appeal unless first brought to the attention of the trial court at the time of sentencing or through a Rule 3.800(b) motion. See Fla. R.App. P. 9.140(d). The State was prohibited by rule from filing a Rule 3.800(b) motion because it is not advocating correction of a scrivener's error or an error that would benefit the defendant. See Fla. R.Crim. P. 3.800(b). At sentencing, while the State objected to the imposition of a downward departure sentence, it did not object on the same grounds it argues here, i.e., that the specific reasons given for departing were invalid. To the extent the State argues a different legal argument than it relied upon at trial, the State's argument is not preserved for review. See Tillman v. State, 471 So.2d 32 (Fla.1985). We disagree with the Second District's opinion in State v. Barnes, 753 So.2d 605 (Fla. 2d DCA 2000), to the extent it states that a general objection to the imposition of a downward departure sentence is sufficient to preserve an appellate argument challenging the validity of the departure reason and the sufficiency of the evidence supporting the departure reason. We certify conflict with Barnes on this point.
Even so, on the merits, the State has failed to carry its burden on appeal by showing that each of the three reasons given for departure in this case was invalid. See § 921.001(6), Fla. Stat. (1999) (stating that a departure sentence must be upheld if any of the reasons given by the trial court are found to be valid); E & I, Inc. v. Excavators, Inc., 697 So.2d 545, 547 (Fla. 4th DCA 1997) (stating that the appellant has the burden of making "any reversible error clearly, definitely, and fully appear"). Accordingly, we affirm the trial court's sentencing order.
AFFIRMED.
GUNTHER, FARMER and GROSS, JJ., concur.