791 So.2d 23 (2001)
The STATE of Florida, Appellant,
v.
Ovidio QUINTANAL, etc., Appellee.
No. 3D00-2207.
District Court of Appeal of Florida, Third District.
April 4, 2001.
Certification, Rehearing and/or Rehearing Denied July 18, 2001.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Freedman & White, Miami; and Ivy R. Ginsberg, for appellee.
Before LEVY, GREEN, and RAMIREZ, JJ.
Certification, Rehearing and/or Rehearing En Banc Denied July 18, 2001.
RAMIREZ, J.
The State of Florida appeals a downward departure from the sentencing guidelines. Because the record does not support a finding that the need for payment of restitution to the victims outweighs the need for a prison sentence, nor that appellee Ovidio Quintanal cooperated with the State to resolve the current offenses or any other offense, we reverse.
Quintanal filed a motion for a downward departure from the sentencing guidelines in conjunction with entering a guilty plea *24 for one count of armed burglary, one count of grand theft in the third degree, and four counts of grand theft in the third degree of a firearm. The State, on the other hand, filed a notice to seek an enhanced penalty.
Section 921.0016(4)(e), Florida Statutes (1996), allows the sentencing judge to depart downward from the sentencing guidelines when "the need for payment of restitution to the victim outweighs the need for a prison sentence." As the supreme court stated in Banks v. State, 732 So.2d 1065, 1067 (Fla.1999):
A trial court's decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by "a preponderance of the evidence." This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight. (Footnotes omitted).
Quintanal's cases involved four burglary victims who had lost approximately $200,000. Although Quintanal presented some evidence that the victims preferred restitution over incarceration, there was absolutely no evidence as to their need for restitution.
[I]n weighing the need for restitution versus the need for imprisonment a court must take into consideration all the relevant factors, including on the one hand both the nature of the victim's loss and the efficacy of restitution, and on the other hand the consequences of imprisonment. While the victim's wishes concerning restitution are relevant, they are not dispositiveit is the judge, not the victim, who must weigh society's competing needs.
Banks, 732 So.2d at 1068-69. See also State v. Schillaci, 767 So.2d 598, 600 (Fla. 4th DCA 2000). Although the State agreed that one of the victims had expressed a preference for restitution over incarceration, there was absolutely no testimony regarding the preferences of the other victims, and no testimony from anyone as to the need for restitution.
At the sentencing hearing, Quintanal presented testimony from a former assistant state attorney who testified that Quintanal had given extensive details concerning a home invasion robbery which resulted in a homicide, including the identities of all the participants. Quintanal was not involved in the home invasion, but had learned of the details from one of the participants. Although law enforcement judged the information to be truthful, a warrant was never issued because no corroborating evidence could be obtained.
Section 921.0016(4)(i), Florida Statutes (1996), permits a downward departure where "[t]he defendant cooperated with the state to resolve the current offense or any other offense." The evidence presented by Quintanal does not support a finding that any crime has been "resolved." A resolution implies that a decision or determination has been made, such as the filing of charges or the closing of a case, none of which occurred as a result of Quintanal's information.
As neither ground advanced by Quintanal to justify a downward departure was proved by a preponderance of the evidence, the trial court lacked adequate *25 factual support for such a departure. Consequently, the trial court's sentence is reversed and remanded for further proceedings consistent with this opinion.