972 So.2d 212 (2007)
STATE of Florida, Appellant,
v.
Katlyn Jo GRETZ, Appellee.
No. 5D07-310.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
Rehearing Denied January 14, 2008.
Bill McCollum, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Edward J. Weiss, Assistant Public Defender, Daytona Beach, for Appellee.
*213 GRIFFIN, J.
The State challenges on appeal the circuit court's imposition of a downward departure sentence.
Appellee, Katlyn Gretz ["Appellee"] was charged by information with: count one (aggravated battery on a law enforcement officer), counts two through five (battery on a law enforcement officer), count six (aggravated battery with a deadly weapon), count seven (domestic aggravated battery with a deadly weapon), count eight (resisting a law enforcement officer with violence), and count nine (criminal mischief causing more than $200 damage).
Appellee entered into an open plea to the court.[1] The court accepted her plea, ordered a PSI and scheduled a sentencing hearing. Pursuant to her scoresheet, the lowest permissible prison sentence Appellee could receive was 98.4 months. The maximum sentence was seventy years.
The sentencing hearing was held on January 16, 2007. The original victim, Aleasha McCance, Appellee's roommate and life partner, testified that she did not want Appellee to be imprisoned and believed that alcohol played a role in Appellee's actions on the night in question. She also felt that Appellee should seek counseling. She further testified that Appellee suffered from panic disorders, had taken Zoloft and Xanax in the past and needed to be put back on her medication. She also stated that Appellee had been to an alcohol rehabilitation center to address her problems but was never placed on any medication.
Another victim, Sandra McCance, Aleasha's mother, testified that she also believed Appellee had alcohol and anger management problems. Sandra believed Appellee should be punished but did not think Appellee should be sent to prison.
Deputy Kenneth VanTassel, the law enforcement victim, testified that he was bitten by Appellee's dog based on Appellee's command. When he was asked what he thought an appropriate sanction should be, he identified medication, counseling and probation.
At the conclusion of the testimony, the State requested that the court impose the lowest permissible sentence of 98.4 months, asserting that anything less would be an illegal sentence.
Appellee was adjudicated guilty on all counts. The lower court sentenced Appellee to a downward departure sentence as follows:
As to count nine, I'm gonna give you 11 months 29 days in the Hernando County Jail.
As to counts two, three, four, five and eight, I'm gonna give you five years in the Department of Correction[s]. But I'm gonna suspend that based upon one year in the Hernando County Jail, two years house arrest, followed by two years probation.
As to counts six and seven, I'm gonna give you 15 years in the Department of Correction[s]. I'm gonna suspend that based upon one year in the Hernando County Jail, two years house arrest, followed by 13 years probation. That will be concurrent with counts two, three, *214 four, five and eight; and concurrent with the eleven/twenty-nine in count nine.
As to count one, I'm gonna give you 30 years probation, consecutive to counts two, three, four, five, six, seven, eight as they go through. So you're going to be on some time of supervised probation for 35 years. You understand that? . . .
Fines and court costs in the amount of $2,385.50 were also imposed along with restitution.
To support the downward departure sentence, the trial judge announced that the need for psychological and substance abuse treatment outweighed the presumptive sentence and that the departure was necessary for payment of restitution. On the criminal punishment scoresheet, however, the judge wrote that he based his departure sentence on: 1) the capacity of Appellee to appreciate the criminal nature of her conduct or to conform that conduct to the requirements of law was substantially impaired; 2) Appellee requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and that she is amenable to treatment, and 3) the offense was committed in an unsophisticated manner and was an isolated incident for which Appellee has shown remorse. See § 921.0026(2)(j), Fla. Stat. (2006). Although there is no record evidence to support the two orally stated departure grounds, the record supports the written ground for departure.[2]
The State is correct, however, that Appellee's conviction for aggravated battery upon a law enforcement officer under section 784.07(2)(d), Florida Statutes, required the lower court to impose a five-year minimum mandatory sentence. Section 784.07(2)(d) provides in pertinent part:
d) In the case of aggravated battery, from a felony of the second degree to a felony of the first degree. Notwithstanding any other provision of law, any person convicted of aggravated battery of a law enforcement officer shall be sentenced to a minimum term of imprisonment of 5 years.

(Emphasis added). On appeal, Appellant urges that, on resentencing, the trial court may consider a youthful offender sentence for Appellee and that such a sentence would not be controlled by this mandatory minimum. See, e.g., Darrow v. State, 789 So.2d 552 (Fla. 5th DCA 2001). The State agrees that this is so. Accordingly, we vacate the sentence and remand for resentencing.
SENTENCE vacated; and REMANDED for resentencing.
THOMPSON, J., and SIMMONS, C., Associate Judge, concur.
NOTES
[1] The facts supporting the plea showed that law enforcement was called out on a domestic disturbance. An argument had occurred between Appellee, her roommate and her roommate's mother. The officers were told that Appellee attacked her roommate and her roommate's mother and ordered her dog to attack them. Appellee then attacked the officers and ordered her dog to attack one of the officers. After she was handcuffed, she was placed in the vehicle where she kicked out the window. She also spit on EMS when they came to examine her.
[2] We reject the State's contention that the failure to orally pronounce this departure ground was fatal. See Fla. R.Crim. P. 3.704(d)(27)(A).