976 So.2d 1193 (2008)
STATE of Florida, Appellant,
v.
Richard P. NAYLOR, Appellee.
No. 2D06-4051.
District Court of Appeal of Florida, Second District.
March 26, 2008.
*1194 Bill McCollum, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellant.
Aubrey O. Dicus, Jr., and Stephen J. Wein of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Appellee.
VILLANTI, Judge.
The State appeals the downward departure sentence imposed on Richard P. Naylor. Because the trial court's downward departure sentence was not supported by competent, substantial evidence, we reverse and remand for resentencing.
In 2003, the State filed a second amended information charging Naylor with nineteen felony counts, including arson, grand theft, forgery, conspiracy to racketeer, and racketeering. The charges arose from allegations that, from 1996 to 2000, Naylor took substantial sums of money from customers of his helicopter business, failed to deliver on business promises, and subsequently burned down the business. According to the information contained in the presentence investigation (PSI), the combined losses resulting from the charges against Naylor were in excess of three million dollars. On October 28, 2005, Naylor entered an open plea of no contest to all of the charges.
At a subsequent sentencing hearing, Naylor's counsel requested a downward departure, arguing that Naylor wished to make restitution to the victims and that he was in the process of starting a new helicopter business venture to make such restitution. Counsel also argued that Naylor *1195 was sixty years old and had no prior criminal record. Four witnesses testified at the hearing: Naylor; his current business associate, Mr. Agoto; one victim, Mr. Agnes; and the detective who investigated the arson. Relevant to this analysis, Naylor testified that in the three years prior to the hearing, he had started making restitution to only one of his nineteen victims, Mr. Agnes. Interestingly, Mr. Agnes testified that he had settled his claims against Naylor for $335,000 and Naylor was paying him $5960 of that settlement monthly but that he wanted Naylor to "go to jail and serve a lengthy prison term," even if that meant Mr. Agnes would not be repaid the money he had lost.
In addition to the witnesses' testimony, the following evidence was on the record and was referenced at the hearing: (1) a notarized letter from a Richard Gilbert, who was not a victim in this case, stating that Naylor owed him money but was repaying that debt; (2) a letter, neither signed nor notarized, from another person, who also was not a victim in this case, stating that he was receiving money from Naylor; (3) a PSI report reflecting that nineteen victims had been contacted as part of the investigation, that most of the victims did not respond to the inquiry, and that of the victims who responded, two wanted prison time for Naylor, one wanted both jail time and restitution, and a fourth victim wanted restitution. The PSI report recommended that Naylor receive a long prison sentence followed by a long term of probation. At the sentencing hearing the State requested that Naylor be sentenced to the bottom of the guidelines for each of the nineteen counts, with the sentences running consecutively.
The trial court sentenced Naylor to only five years of imprisonment as to each count, all sentences to run concurrently, followed by ten years of probation with restitution as a condition of probation.[1] The sentencing guidelines in this case established a minimum sentence of 60.6 months in prison for some counts (counts 2, 3, 4, 5, 18, and 19), 97.5 months for other counts (counts 13, 14, 15, 16, and 17), and 132.9 months for other counts (counts 1, 6, 7, 8, 10, 11, and 12). Therefore, the trial court's five-year sentence departed downward on counts 1, 6 through 8, and 10 through 17. The State argues, and we agree, that the evidence did not support a downward departure sentence because Naylor did not prove that the need for restitution outweighed the need for a prison sentence.
Initially, Naylor argues that the State failed to preserve its challenge to the downward departure sentence by not sufficiently objecting at the hearing. The record demonstrates otherwise. Upon pronouncing sentence, the trial court placed on the record its rationale for arriving at the specific sentence. At that point, the judge did not believe the split sentence imposed was a departure because he concluded his remarks by indicating that "because of that [his rationale], I'm not going to override the sentencing guidelines." He *1196 then imposed a downward departure sentence. The State immediately noted, "You have given him a downward departure [sentence]." Naylor's counsel also agreed with this assessment and so informed the judge: "Your Honor . . . you do need to state the ground for departure. . . . [Y]ou're departing on the [statutory] restitution ground?" The trial court agreed: "Restitution. Right." The State responded by specifically inquiring whether the trial court was finding that "the need for restitution outweighs the need for incarceration." The trial court confirmed that it was. The State protested, arguing that there was no evidence that the need for restitution outweighed the need for incarceration. This dialogue was more than sufficient to put the trial court on notice of the State's objection to the downward departure sentence. See, e.g., State v. Barnes, 753 So.2d 605, 607 (Fla. 2d DCA 2000) (rejecting waiver argument because "[t]he State does not have to advise the trial court specifically that the reason for the departure is invalid"); State v. Walker, 923 So.2d 1262, 1264-65 (Fla. 1st DCA 2006) (finding the statement, "Your Honor, for the record, the State would object to the downward departure" sufficient to preserve the issue); State v. Paulk, 813 So.2d 152, 154 (Fla. 3d DCA 2002) (noting that an issue is preserved for appeal if counsel sufficiently articulated his concern with the court's ruling so as to inform the trial court of the alleged error).
Turning to the substantive issue on appeal, the trial court may not impose a sentence below the lowest permissible sentence required by the criminal sentencing guidelines unless it articulates in writing a reason for a departure sentence and that reason is supported by competent, substantial evidence. See Fla. R.Crim. P. 3.701(d)(11); § 921.0026(1)-(2), Fla. Stat. (1997-2000); § 921.0016(1)(c) & (4), Fla. Stat. (1997 & Supp.1996); Barnes, 753 So.2d at 606. The defendant bears the burden of presenting competent, substantial evidence supporting the reason for the downward departure sentence. State v. Jimenez-Porras, 974 So.2d 422 (Fla. 2d DCA 2007). If the defendant's evidence establishes a valid basis for a downward departure sentence and the trial court imposes such a sentence, the trial court must file written reasons supporting the downward departure within seven days after the date of sentencing. § 921.00265(2); State v. Carlson, 911 So.2d 234, 236 (Fla. 2d DCA 2005); State v. Ayers, 901 So.2d 942, 945 (Fla. 2d DCA 2005). If the trial court does not file written reasons, a downward departure sentence may nevertheless be affirmed if the record reflects that the trial court made oral findings on the record at the sentencing hearing which support the sentence. § 921.00265(2); see also Pease v. State, 712 So.2d 374, 374 (Fla.1997); Carlson, 911 So.2d at 236. In the absence of either written or oral findings, however, a downward departure sentence is not proper.
In this case, the trial court did not file written reasons for Naylor's departure sentence. Therefore, that sentence can be affirmed only if the trial court made oral findings at the hearing which are supported by competent, substantial evidence. The court stated that it was imposing a downward departure sentence based only on the need for restitution. When a downward departure sentence is imposed based on the need for restitution, some evidence of the victims' needs must be presented to the trial court to support a downward departure sentence. See, e.g., Demoss v. State, 843 So.2d 309, 312-13 (Fla. 1st DCA 2003) (reversing downward departure sentence where no evidence of the victim's needs was presented and the victim expressed a preference for incarceration). Here, absolutely no evidence was presented at the hearing regarding the victims' *1197 needs. We note that Naylor pleaded nolo contendere to charges alleging that he had caused millions of dollars in losses to nineteen victims. At the time of the sentencing hearing, he had made efforts to repay only one of his victims. That victimthe only victim who testified at the sentencing hearingexpressed a desire to see Naylor receive a lengthy prison term, even if it meant that he would not receive restitution. Mr. Agnes' testimony actually belied any suggestion that his need for restitution outweighed the need for prison time. Further, the PSI recommended a long prison sentence and noted that, given the amount of money involved, restitution would be unlikely. We conclude that the record did not contain competent, substantial evidence that the need for restitution outweighed the need for prison time in this case. In the absence of that evidence, Naylor failed to prove that he was entitled to a downward departure on this basis and his sentence must be reversed.
Having found that the evidence did not support the reason given by the trial court for the downward departure sentence, we vacate the downward departure sentence and remand for entry of a guidelines sentence. See, e.g., State v. Green, 890 So.2d 1283, 1287 (Fla. 2d DCA 2005).
Reversed and remanded for resentencing.
ALTENBERND and LaROSE, JJ., Concur.
NOTES
[1] We note that there are major discrepancies between the trial court's oral pronouncement of the sentence and the written sentence that is part of the record. For example, the trial court did not orally pronounce a sentence for count 1, but the record reflects a written sentence of ten years on that count. Similarly, the oral sentences for counts 6, 7, and 8 was fifteen years for each count, but the written sentences for those counts was ten years for each count. We note that there are discrepancies in the oral and written pronouncements for counts 1, 6 through 12, and 14 through 19. Regardless of the discrepancies, Naylor's split sentence required him to serve only five years in prison for each of the nineteen counts, each sentence to run concurrently. However, our resolution of this case renders these discrepancies moot.