ORFINGER, J.
The State appeals the trial court’s downward departure sentence imposed on *1119 Adam G. Wheeler. Because the reasons for the court’s departure are not supported by competent, substantial evidence, we reverse.
Wheeler was charged with burglary of a dwelling, dealing in stolen property, giving false verification of ownership when conducting a transaction with a pawnbroker, and grand theft. These charges violated Wheeler’s probation in three prior felony cases. 'Under the Criminal Punishment Code, Wheeler’s lowest permissible s sentence was 89.925 months in prison. Over the State’s objection, the trial court conducted plea negotiations with Wheeler, agreeing to impose a downward departure sentence of ten years in prison, suspended on the successful completion of two years of community control and three years of probation. Among other things, the court departed downward on the basis that the victim’s need for restitution outweighed the need for incarceration.
“The primary purpose of sentencing is to punish the offender.” § 921.002(l)(b), Fla. Stat. (2015). A defendant’s minimum sentence is based on the crime that he committed and the points that he earned. Therefore, any departure below the lowest permissible sentence established by the Criminal Punishment Code must be articulated in writing and supported by a preponderance óf the evidence. See id, § 921.002(l)(f) & (3).
A victim’s need for restitution is a valid reason for a downward departure sentence when competent, substantial evidence shows the victim’s need for restitution outweighs the' need for incarceration. See § 921.0026(2)(e), Fla. Stat. (2015). In order to satisfy this test, the defendant must present some evidence of the victim’s need. State v. Naylor, 976 So.2d 1193, 1196 (Fla. 2d DCA 2008); see, e.g., State v. Quintanal, 791 So.2d 23, 24-25 (Fla. 3d DCA 2001) (reversing downward departure sentence where victims lost approximately $200,000, preferred restitution over incarceration, but presented no evidence of need for restitution); State v. Schillaci, 707 So.2d 598 (Fla. 4th DCA 2000) (reversing downward departure sentence based on need for restitution outweighing need for incarceration, where defense counsel failed to present evidence that victims requested restitution, or expressed particular need for restitution). However, the . test for the victim’s need is not the victim’s preference or desire. See Banks v. State, 732 So.2d 1065, 1068-69 (Fla.1999); Quintanal, 791 So.2d at 24-25. Rather, a downward departure is only justified if the harm suffered by the victim as a result of the theft was greater than normally expected, and restitution could mitigate that increased harm. Demoss v. State, 843 So.2d 309, 312 (Fla. 1st DCA 2003). Thus, a downward departure will be reversed where the record does not support a conclusion that there is a pressing need for restitution. See Schillaci, 767 So.2d at 600. In weighing the need for restitution against the need for imprisonment, a sentencing court must also take into consideration relevant factors such as the nature of the loss, the efficacy of restitution, and the consequences of imprisonment. See Banks, 732 So.2d at 1069. In considering the efficacy of restitution, the trial court must evaluate “the power of the restitution plan to restore the victim'to his or her previous -state,” which includes the defendant’s ability to pay restitution and the impact of the restitution plan on the victim. Demoss, 843 So.2d at 312.
In this case, while the victim testified that it would be “nice” if she received restitution for the stolen items, she also acknowledged that the loss did not significantly impact her or her lifestyle. Further, ■ the only evidence supporting Wheeler’s, ability to pay restitution was the testimony of a drug treatment coordinator that “he would hope” that he could place Wheeler in employment that would allow *1120 him to pay restitution. Taken together, this evidence falls woefully short of supporting a lawful ground for downward departure.[1] For these reasons, we reverse Wheeler’s downward departure sentence and remand for further proceedings. Because the sentence resulted from a plea agreement, Wheeler shall be given the opportunity to withdraw his plea on remand.
REVERSED and REMANDED.
LAWSON, C.J., and EVANDER, J., concur.

. The trial court’s other two grounds for downward departure were similarly legally insufficient or factually unsupported. Contrary to the trial court’s finding, Wheeler did not cooperate with the State to resolve the current offense or any other offense. § 921.0026(2)(i), Fla. Stat. (2015). At the time the police questioned him, they were already aware of his crimes. Therefore, the trial court was not justified in finding that Wheeler cooperated with law enforcement as a mitigating circumstance. State v. Knox, 990 So.2d 665, 668 (Fla. 5th DCA 2008) (“A downward departure sentence is not justified merely because the defendant cooperated after his offense was discovered because that cooperation did not solve a crime.”). Further, the trial court found that Wheeler needed treatment as a basis for a downward departure. However, section 921.0026(2)(m) & (3), Florida Statutes (2014), provides that, unless a defendant scores sixty points or less, substance abuse or addiction does not, under any circumstances, justify a downward departure sentence. Wheeler scored more than sixty points, and thus, he was clearly ineligible for a downward departure on this basis.