NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA, )
)
     Appellant, )
)
v. )   Case No. 2D16-3026
)
JACOB LACKEY, )
)
     Appellee. )
_____ )

Opinion filed June 1, 2018.

Appeal from the Circuit Court for Pasco
County; Pat Siracusa, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa,
for Appellant.

Howard L. Dimmig, II, Public Defender,
and Lisa Lott, Assistant Public Defender,
Bartow, for Appellee.

LUCAS, Judge.

     Jacob Lackey pleaded guilty to one count of first-degree burglary, two

counts of second-degree burglary, and one count of attempted second-degree burglary

in three consolidated proceedings. At Mr. Lackey's request, the circuit court imposed a

downward departure and sentenced him to ten years of probation to run concurrently as to all four counts, which the State appeals. We agree that, on these facts, the record did not support a downward departure sentence.

When the Pasco County circuit court accepted Mr. Lackey's plea and commenced a sentencing hearing in November of 2015, the defense indicated (and the State appeared to accept) that Mr. Lackey would likely qualify for a youthful offender designation pursuant to section 958.04, Florida Statutes (2015).[1] Mr. Lackey's sentencing hearing, however, was continued and not completed until June 30, 2016. In the months between the November plea hearing and the continued sentencing hearing in June, the Pinellas County circuit court applied a youthful offender designation to Mr. Lackey in a separate criminal proceeding.[2] The youthful offender designation in the Pinellas County proceeding effectively eliminated the ability of the Pasco County circuit court to apply the designation to the four charges that underlie this appeal. See § 958.04(1)(c); Christian v. State, 84 So. 3d 437, 441 (Fla. 5th DCA 2012) ("Youthful offender sentencing is not available for . . . defendants who have been sentenced pursuant to the Youthful Offender Act for a prior offense.").

The Pasco County circuit court expressed some degree of frustration when it learned of this development at the continued sentencing hearing. As the court observed, the Pinellas County case designation deprived Mr. Lackey of what had likely

_____

[1]Mr. Lackey was eighteen years old at the time of the offenses. As a youthful offender, he would have been subject to a maximum probation, community control, or prison sentence of six years. See § 958.04(2)(a)-(d).

[2]Mr. Lackey later filed a motion to withdraw his plea in the Pinellas County case, but that court denied his motion.

been an available youthful offender designation in the Pasco County proceeding; and the guideline sentencing range Mr. Lackey faced in the Pasco County proceeding was more severe than the one he would likely face in the Pinellas County proceeding. Without the youthful offender designation, Mr. Lackey's Criminal Punishment Code scoresheet in the Pasco County proceeding indicated a lowest possible prison sentence of 64.05 months. The Pasco County circuit court, however, sentenced him to probation for all four felony counts. Unable to lawfully apply a youthful offender designation, the presiding judge stated that he was imposing a downward departure for Mr. Lackey's sentence because of the "need for restitution." The circuit court provided no written findings as required under section 921.002(1)(f), Florida Statutes (2015). Cf. State v. Naylor, 976 So. 2d 1193, 1196 (Fla. 2d DCA 2008) (noting that the trial court must articulate in writing its reasons supporting a downward departure, but if no written reasons are filed, the trial court's oral findings at the sentencing hearing can be sufficient if supported by competent, substantial evidence). The State now appeals that decision.

There is a mixed standard of review for appeals of downward departure sentences. See State v. Johnson, 224 So. 3d 877, 879 (Fla. 2d DCA 2017). First, we "must determine whether the trial court applied the correct rule of law, and whether competent, substantial evidence supports the trial court's reason for imposing a downward departure sentence." Id. (quoting State v. Simmons, 80 So. 3d 1089, 1092 (Fla. 4th DCA 2012)). If so, then we must "decide whether the trial court [abused its discretion] in determining that the downward departure sentence was the best sentencing option for the defendant by weighing the totality of the circumstances in the

case." Id. (alteration in original) (quoting Simmons, 80 So. 3d at 1092). The defendant bears the burden of presenting competent, substantial evidence to support the reason for a downward departure. See State v. Carlson, 911 So. 2d 234, 236 (Fla. 2d DCA 2005) ("[T]he trial court may not impose less than the lowest permissible sentence required by the Code unless the defendant establishes a valid basis for departure."); State v. Browne, 187 So. 3d 377, 378 (Fla. 5th DCA 2016) ("The defendant bears the burden of proving a departure factor by the preponderance of the evidence.").

"A trial court must impose a guidelines sentence unless the court finds that the evidence supports a valid reason for a departure sentence." State v. Barnes, 753 So. 2d 605, 606 (Fla. 2d DCA 2000). One potential valid reason, section 921.0026(2)(e), Florida Statutes, provides that a downward departure beneath the lowest permissible sentence under the Criminal Punishment Code may be issued if "[t]he need for payment of restitution to the victim outweighs the need for a prison sentence." The Fifth District summarized when such a need can justify a downward departure in a criminal sentence:

> [A] downward departure is only justified if the harm suffered by the victim as a result of the theft was greater than normally expected, and restitution could mitigate that increased harm. Demoss v. State, 843 So. 2d 309, 312 (Fla. 1st DCA 2003). Thus, a downward departure will be reversed where the record does not support a conclusion that there is a pressing need for restitution. See [State v. ]Schillaci, 767 So. 2d [598,] 600 [(Fla. 4th DCA 2000)]. In weighing the need for restitution against the need for imprisonment, a sentencing court must also take into consideration relevant factors such as the nature of the loss, the efficacy of restitution, and the consequences of imprisonment. See Banks[ v. State], 732 So. 2d [1065,] 1069 [(Fla. 1999)]. In considering the efficacy of restitution, the trial court must evaluate "the power of the restitution plan to restore the victim to his or her previous state," which

includes the defendant's ability to pay restitution and the impact of the restitution plan on the victim. Demoss, 843 So. 2d at 312.

State v. Wheeler, 180 So. 3d 1117, 1119 (Fla. 5th DCA 2015). However, as we emphasized in Naylor, 976 So. 2d at 1196, "[w]hen a downward departure sentence is imposed based on the need for restitution, some evidence of the victims' *needs* must be presented to the trial court to support a downward departure sentence." (citing Demoss, 843 So. 2d at 312-13).

In the case before us, we must agree with the State that there was no evidence to support restitution as a basis for a downward departure on this record. The stolen property at issue in the Pasco County proceeding included several thousand dollars' worth of stolen cigarettes from convenience stores and cash and personal belongings stolen from an individual with whom Mr. Lackey had been living. There was no evidence presented of any "pressing need" for restitution by any of the victims of Mr. Lackey's crimes. See Wheeler, 180 So. 3d at 1119 ("[A] downward departure will be reversed where the record does not support a conclusion that there is a pressing need for restitution."). To the contrary, the one victim who provided an impact statement in connection with Mr. Lackey's sentencing hearing (and who had apparently attended nearly every hearing in his criminal proceeding) stated unequivocally that the camcorder and laptop that were stolen from her—which held treasured family photographs and video footage—"can never be replaced or replicated." This victim actually expressed a desire that Mr. Lackey serve a prison sentence.

Because there was no showing of a need for restitution by any victim, or that restitution would be effective, we do not find competent, substantial evidence in this

- 5 -

record to justify a departure beneath the Criminal Punishment Code's minimum prison sentence under section 921.0026(2)(e).  See Naylor, 976 So. 2d at 1196-97.  While the circuit court may have felt compelled to impose the downward departure that it did, on the facts presented to the court, it could not do so on the ground of restitution. Accordingly, we reverse Mr. Lackey's sentences and remand for resentencing in conformance with the Criminal Punishment Code, which may include a new downward departure sentence if there are valid legal grounds to support the departure sentence and those legal grounds are supported by competent, substantial evidence.  See Jackson v. State, 64 So. 3d 90, 93 (Fla. 2011); State v. Pinckney, 173 So. 3d 1139, 1140 (Fla. 2d DCA 2015).

Reversed and remanded.

LaROSE, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.