LAMBERT, J.
The State of Florida timely appeals the trial court's imposition of a downward departure "time served" jail sentence following the defendant's open plea. Because the sole basis for which the defendant sought a downward departure sentence is not supported by competent substantial evidence, we reverse and remand for further proceedings.
The defendant was charged with possession of cocaine with intent to sell or deliver, resisting an officer with violence, battery on a law enforcement officer, and possession of drug paraphernalia. Based upon these charges and the defendant's extensive prior criminal record of eighteen misdemeanors and fifteen felonies, he scored 125.4 sentence points on his Criminal Punishment Code Scoresheet, which calculated to a lowest permissible prison sentence of 73.05 months. Over the State's objection, the trial court imposed concurrent downward departure sentences of 184 days in the Orange County Jail with 184 days of jail credit on all counts.
Section 921.0026(1), Florida Statutes (2018), specifically prohibits a trial court from imposing a sentence below the lowest permissible sentence on a defendant's scoresheet "unless there are circumstances or factors that reasonably justify the downward departure." A defendant seeking a downward departure has the burden of presenting competent substantial evidence at the sentencing hearing of at least one of the non-exclusive mitigating factors under *244 section 921.0026(2), Florida Statutes (2018), in support of the requested downward departure sentence. See State v. Lackey , 248 So.3d 1222, 1224 (Fla. 2d DCA 2018) (citing State v. Carlson , 911 So.2d 234, 236 (Fla. 2d DCA 2005) ).
Appellate courts apply a two-step analysis when reviewing a downward departure sentence. State v. Milici , 219 So.3d 117, 121 (Fla. 5th DCA 2017). The first step is determining whether the correct rule of law was applied by the trial court and if there is competent substantial evidence presented at the hearing that supports the court's basis for the downward departure. Id. (quoting State v. Browne , 187 So.3d 377, 378 (Fla. 5th DCA 2016) ). If so, the second step is to assess whether the downward departure sentence was the best sentencing option for the defendant under the totality of the circumstances. Lackey , 248 So.3d at 1224.
The present case involves the first step of this analysis. The defendant sought a downward departure under section 921.0026(2)(d), Florida Statutes (2018), which allows for a departure sentence if "[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment." Here, the defendant's claim was based on physical disability to his left knee that he testified resulted from his encounter with law enforcement that led to his present charges. The defendant submitted to the trial court his medical records from the jail beginning the day after his arrest. These records showed normal findings on the various x-rays but some swelling in the defendant's left knee. No diagnosed injury or disability was contained within these records. The defendant testified to having knee pain and some swelling and to being given acetaminophen and a knee brace at the jail, plus the use of a wheelchair as needed. The defendant presented no testimony from a medical doctor or other health care professional explaining or diagnosing his injury, opining whether he had a disability, or suggesting a treatment plan for his alleged disability.
The trial court determined that based on the defendant's medical records, his consistent complaints of left knee pain, and the defendant's appearance in court in a wheelchair on all but one occasion, plus his use of a walker at home,[1] that it would "downward depart on medical necessity or condition that needs ongoing treatment." The State objected, noting a lack of competent substantial evidence that the defendant actually requires any specialized medical treatment, the nature of his disability, if any, or that he is amenable to treatment as there was no evidence provided of a treatment plan or that the defendant would be amenable to the plan, as required under section 921.0026(2)(d).
We agree with the State. The defendant's medical records generated while at the jail show, at best, that he had some swelling in his left knee and was given over-the-counter acetaminophen, a knee brace, and access to a wheelchair.[2] Further, the defendant's own testimony was that he had not been taken to the hospital *245 while in custody, no doctor saw him regularly while at the jail, and that after his first x-ray, he was told by the doctor who examined him that he would "be all right."
Simply put, there was no competent testimony or evidence of the nature or diagnosis of the defendant's injury or disability, or that he required some type of specialized treatment. And, without any evidence of specialized treatment, the defendant also failed to prove that he was amenable to such treatment. See Green v. State , 257 So.3d 474, 475 (Fla. 4th DCA 2018) ("For a trial court to find that a defendant is amenable to treatment, '[t]here must be evidence that there is a reasonable possibility that such treatment will be successful.' " (quoting State v. Hillhouse , 708 So.2d 326, 327 (Fla. 2d DCA 1998) ) ). Under these circumstances, the downward departure sentence imposed here under section 921.0026(2)(d) was not appropriate. See State v. McElroy , 145 So.3d 866, 869 (Fla. 2d DCA 2014) (concluding that a downward departure sentence pursuant to section 921.0026(2)(d) was not supported by competent substantial evidence when there was no evidence of an official diagnosis, whether the defendant required specialized treatment, or whether he would even be amenable to such treatment). Lastly, the trial court's personal observations that the defendant complained of pain and generally used a wheelchair while in court were not legally sufficient evidence to justify the departure sentence in this case.
Accordingly, we reverse the defendant's downward departure sentence and remand for further proceedings. Because the record indicates that the defendant's no contest pleas may have been induced by the trial court's indication that it would impose a downward departure sentence, on remand, the defendant should be allowed to withdraw his plea and proceed to trial. See State v. Reith , 43 So.3d 909, 910 (Fla. 2d DCA 2010) (reversing downward departure sentence with directions that the trial court allow the defendant to withdraw his plea as it was induced by the court's representation that the defendant would received a downward departure sentence). Alternatively, the defendant may elect to be resentenced, and the trial court may again impose a downward departure sentence, if such a departure is supported by valid grounds. See Jackson v. State , 64 So.3d 90, 92-93 (Fla. 2011) (holding that when an appellate court reverses a downward departure sentence and remands for resentencing, a trial court is not precluded from resentencing the defendant to a downward departure if it comports with the principles and criteria established by the Criminal Punishment Code). If no valid grounds for departure exist, then under the facts of this case, the court must sentence the defendant within the sentencing guidelines consistent with the Criminal Punishment Code, which provides a sentencing range from the lowest permissible sentence established in the scoresheet up to the statutory maximum for each offense.
REVERSED and REMANDED for further proceedings consistent with this opinion.
EVANDER, C.J., and BERGER, J., concur.

We are puzzled by the court's observation in support of its downward departure sentence that the defendant uses a walker at home. The defendant testified that he injured his left knee during the criminal episode that resulted in his arrest and that he had been continuously in custody up to his change of plea and sentencing hearing.

The trial court was not offered any medical testimony interpreting these records, nor did it make any distinct factual findings regarding them. Had it done so based on such testimony, we would have deferred to its credibility determinations. See Porter v. State , 788 So.2d 917, 923 (Fla. 2001). Here, however, we have reviewed the same medical records that the trial court did; and under such circumstances, when the trial court's conclusions are "based on evidence other than live testimony" and the "documents reviewed by the trial court ... are presented in essentially the same form to the appellate court," those conclusions are not entitled to that same level of deference. See Parker v. State , 873 So.2d 270, 279 (Fla. 2004) (quoting Thompson v. State , 548 So.2d 198, 204 n.5 (Fla. 1989) ).