# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

STATE OF FLORIDA,

Appellant,

v.

HARLAN CAULKINS,

Appellee.

No. 2D2023-0152

_____

May 31, 2024

Appeal from the Circuit Court for Hillsborough County; Barbara Twine Thomas, Judge.

Ashley Moody, Attorney General, Tallahassee, and Natalia Reyna-Pimiento, Assistant Attorney General, Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellee.

SMITH, Judge.

The State appeals the sentence imposed by the trial court after Harlan Caulkins' probation was revoked, sentencing him below his lowest permissible sentence under the criminal punishment code scoresheet based upon section 921.0026(1), Florida Statutes (2023), which allows for a downward departure when there are "circumstances or factors that reasonably justify the downward departure." Because

competent substantial evidence does not support the trial court's bases for departure from the lowest permissible sentence, we reverse and remand for resentencing.

Mr. Caulkins pleaded nolo contendere to the charge of failure of a sexual offender to report biannually; the trial court adjudicated him guilty and sentenced him to six months' community control followed by two years' probation.

The State filed an amended affidavit for violation of probation, alleging that Mr. Caulkins violated the terms of his probation by committing a new criminal offense—again failure by a sex offender to report biannually—among other terms.

The trial court found that Mr. Caulkins violated his probation by committing the new criminal offense and scheduled a sentencing hearing for a later date. Mr. Caulkins moved for a downward departure from the lowest permissible sentence—43.8 months per his scoresheet—based on section 921.0026(1), arguing physical abuse during his upbringing, alcohol and drug addiction, and general past hardships as nonstatutory mitigating "factors that reasonably justify the downward departure."[1] Mr. Caulkins' motion for downward departure based on his mitigating factors was heard at the sentencing hearing on January 11, 2023. The State filed no written response as to his mitigating factors. And without objection from the State, Mr. Caulkins admitted into evidence several letters from members of his family. Mr. Caulkins' mother wrote that Mr. Caulkins had witnessed his father beating her when he was three years old and that Mr. Caulkins' father was an alcoholic who abandoned Mr.

---

[1] Mr. Caulkins also sought a downward departure based on certain mitigating factors under subsections 921.0026(2)(i) and (j), which are not relevant here and which were denied.

2

Caulkins and her and his sisters just before Mr. Caulkins turned seven. Mr. Caulkins' mother wrote that she once hit Mr. Caulkins' head on the floor as punishment for throwing a shoe at his sister and that one of his sisters' boyfriends beat Mr. Caulkins with a belt. She also wrote that Mr. Caulkins lived with and cared for his sick aunt. This was further corroborated by a letter from Mr. Caulkins' nephew, which advised the court that Mr. Caulkins is the caretaker for his sick aunt. Lastly, one of Mr. Caulkins' sisters wrote a letter explaining that their father had abandoned them when Mr. Caulkins was six and that their mother had dated multiple men who abused Mr. Caulkins.

Mr. Caulkins spoke on his own behalf at the sentencing hearing and explained that he had failed to register as a sexual offender in part because he "wasn't told" it was a requirement, a statement the trial court found "kind of hard to believe" given that Mr. Caulkins successfully registered once before after being adjudicated guilty. After Mr. Caulkins completed his statement, the trial court asked the State if it had any further argument. The State responded that there was "no reason to depart" and asked the court to sentence Mr. Caulkins to the lowest permissible sentence under the scoresheet.

The trial court noted that it had "some very genuine concern [sic] regarding Mr. Caulkins and his capacity," stating that it observed that Mr. Caulkins often appeared emotionally overwhelmed, seemed to not fully understand the issues in his case, and made statements inconsistent with the chronology of the case. The trial court acknowledged Mr. Caulkins' background, including his prior substance abuse, which the court attributed to his "family problems." The trial court stated that Mr. Caulkins' "upbringing, the poor environment in which he was raised, the abuse he has suffered, his prior addictions, and

3

all of those matters taken together have seriously impaired his ability and therefore should be a basis for mitigation." For these reasons, the trial court ruled it would depart downward from the lowest permissible sentence of 43.8 months and sentenced Mr. Caulkins to one year and one day in prison with 247 days' credit for time served.

Section 921.0026(1) "specifically prohibits a trial court from imposing a sentence below the lowest permissible sentence on a defendant's scoresheet 'unless there are circumstances or factors that reasonably justify the downward departure.' " *State v. Schuler*, 268 So. 3d 242, 243 (Fla. 5th DCA 2019) (quoting § 921.0026(1), Fla. Stat. (2018)). Enumerated in section 921.0026(2) is a nonexclusive list of mitigating circumstances justifying a departure from the lowest permissible sentence. Because that list is not exclusive, a trial court may deviate from that list provided that the reason given is supported by competent substantial evidence. *State v. Stephenson*, 973 So. 2d 1259, 1263 (Fla. 5th DCA 2008).

"There is a mixed standard of review for appeals of downward departure sentences." *State v. Lackey*, 248 So. 3d 1222, 1224 (Fla. 2d DCA 2018). "First, we 'must determine whether the trial court applied the correct rule of law, and whether competent, substantial evidence supports the trial court's reason for imposing a downward departure sentence.' " *Id.* (quoting *State v. Johnson*, 224 So. 3d 877, 879 (Fla. 2d DCA 2017)). If the statutory reason is supported, "then we must 'decide whether the trial court [abused its discretion] in determining that the downward departure sentence was the best sentencing option for the defendant by weighing the totality of the circumstances in the case.' " *Id.* (alteration in original) (quoting *Johnson*, 224 So. 3d at 879).

We first address Mr. Caulkins' argument that the State's comment that "there [was] no reason to depart" did not preserve for appeal its challenge to the downward departure. Specifically, Mr. Caulkins argues that the State failed to object to the family letters, failed to apprise the trial court of its legal grounds against downward departure, and failed to argue that the nonstatutory mitigating factors were not consistent with the legislative policy behind the sentencing guidelines. While the letters from Mr. Caulkins' family were admitted without objection from the State, the State did apprise the trial court that there was no basis for the trial court to depart. To be sure, "[t]he State does not have to advise the trial court specifically that the reason for the departure is invalid" but can merely note its objection to departure just prior to sentencing. *State v. Barnes*, 753 So. 2d 605, 607 (Fla. 2d DCA 2000); *see also State v. Szempruch*, 935 So. 2d 66, 68 (Fla. 2d DCA 2006) (noting that the State can preserve its objection to downward departure by making it clear to the court that it opposes modifying the sentence below the guidelines, even without arguing any specific grounds, but ruling that State waived the argument by stating there was no "legal reason" to support objection). In the same uneventful fashion here, the State preserved its argument on appeal by simply stating that there was "no reason" for the trial court to depart downward. *See State v. Ayers*, 901 So. 2d 942, 944 (Fla. 2d DCA 2005) (holding that prosecutor's statement that "I don't see a legal reason to depart" preserved the issue for appellate review).

Turning to the merits of the appeal, the State argues there was no competent substantial evidence supporting the trial court's finding that Mr. Caulkins had a diminished capacity where there was no medical evidence of his diminished mental capacity—taking issue with the trial court's personal observations.

In deviating from the statutorily enumerated mitigating factors, it is axiomatic that the trial court "cannot rely on a non-statutory [sic] factor when that factor is encompassed within a listed statutory factor." *See State v. Sawyer*, 350 So. 3d 427, 429 n.1 (Fla. 5th DCA 2022) ("A statutory ground's requirements cannot be avoided simply by renaming the basis of a non-statutory [sic] ground." (quoting *State v. Kunkemoeller*, 333 So. 3d 335, 340 (Fla. 1st DCA 2022))).

The trial court determined that mitigating circumstances reasonably justified a downward departure where Mr. Caulkins was substantially impaired because of the combination of his "upbringing, the poor environment in which he was raised, the abuse he has suffered, [and] his prior addictions." We see no distinction between these purported nonstatutory mitigating circumstances[2] and section 921.0026(2)(c)—"[t]he capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired." Accordingly, we apply the same analysis as we would to a downward departure under section 921.0026(2)(c).

---

[2] "The parameters of nonstatutory mitigation are largely undefined." *Consalvo v. State*, 697 So. 2d 805, 818 (Fla. 1996). Potentially valid nonstatutory mitigators include enticement, *State v. Simmons*, 80 So. 3d 1089, 1092 (Fla. 4th DCA 2012), sentencing manipulation, *State v. Steadman*, 827 So. 2d 1022, 1025 (Fla. 3d DCA 2002), sentencing entrapment, *United States v. Stavig*, 80 F.3d 1241, 1245 (8th Cir. 1996), and a lower sentence of an equally or more culpable codefendant, *Sanders v. State*, 510 So. 2d 296, 298 (Fla. 1987). But, as stated above, a factor enumerated in section 921.0026(2) is not a valid *nonstatutory* mitigator.

6

A defendant is not required to offer expert medical testimony to establish a lack of capacity,[3] but such testimony is often critical in making that showing. *See State v. Milici*, 219 So. 3d 117, 123 (Fla. 5th DCA 2017) (holding that competent substantial evidence did not support the court's finding of diminished capacity where, "[u]nlike many cases addressing this issue, Milici presented no expert testimony at the [violation of probation] hearing to establish that his alleged mental health issues prevented him from appreciating the criminal nature of his actions"). Mr. Caulkins presented no expert testimony to establish a diminished capacity. In fact, while Mr. Caulkins presented mitigation evidence in the form of letters from his family, he did not argue that this evidence proved a diminished capacity but rather that it established a nonstatutory mitigation basis for departure. Such evidence generally does not support a finding of diminished capacity. *State v. Johnson*, 288 So. 3d 765, 768 (Fla. 2d DCA 2020) (holding that the trial court erred in departing downward based on diminished capacity where "the defense requested a departure based upon *non-statutory* grounds and presented no evidence that Mr. Johnson was impaired or lacked the capacity to appreciate the criminal nature of his conduct at the time of the 2013

---

[3] *See State v. Gretz*, 972 So. 2d 212, 213 (Fla. 5th DCA 2007) (holding that the record supported a finding of diminished capacity where the victims, one the defendant's partner and the other her mother, testified that drugs and alcohol played a part in the defendant's offense and that she suffered panic disorders and was on medication); *State v. Fontaine*, 955 So. 2d 1248, 1250 (Fla. 4th DCA 2007) (holding that the record supported the trial court's finding of diminished capacity where the defendant's fiancé testified that the defendant's doctor had prescribed him an improper dose of OxyContin and the defendant testified that his injuries and medication made him angry and depressed and that he had a poor memory of the crime, which his fiancé testified had never occurred before).

7

traffic violation").  Additionally, the letter from Mr. Caulkins' mother stated that Mr. Caulkins was no longer under the influence of drugs.

The trial court supported its findings that Mr. Caulkins had a diminished capacity based in part on the information in the letters and in part on its own personal observations of Mr. Caulkins, noting that Mr. Caulkins often appeared overwhelmed and occasionally did not understand the chronology of the case.  A court's own observations of the defendant have been deemed valid to support a downward departure. *See State v. McCloud*, 721 So. 2d 1188, 1190 (Fla. 5th DCA 1998) (affirming a downward departure based in part on findings that the defendant needed treatment for addiction and was too young to appreciate the consequences of his offenses, where "[s]ome of the reasons given by the trial judge for departing downward depended upon his analysis of McCloud's appearance, deportment and credibility and the resolution of fact issues").  However, the requisite findings for lack of capacity must establish "more than just a mere lack of understanding or appreciation of the impact of a particular crime."  *Johnson*, 288 So. 3d at 768.  The trial court's personal observations that Mr. Caulkins appeared overwhelmed or confused in court are not sufficient alone to constitute competent substantial evidence of Mr. Caulkins' diminished capacity and ability to conform his conduct to the requirements of the law.  At the same time, the trial court commented that it was "kind of hard to believe" that Mr. Caulkins did not understand that he was required to register as a sex offender, given that he had successfully registered once in September 2021 after being adjudicated guilty.

Additionally, the court supported its downward departure in part by noting that Mr. Caulkins' offense was "merely a failure to report and that would seem extremely harsh giving him 48 months in Florida State

8

Prison."  As the State notes, "a trial court may not impose a departure sentence simply because it perceives that the minimum sentence established by the sentencing guidelines is not commensurate with the seriousness of the crime."  *See State v. Thompkins*, 113 So. 3d 95, 100 (Fla. 5th DCA 2013) ("[A] trial court may not impose a departure sentence simply because it perceives that the minimum sentence established by the sentencing guidelines is not commensurate with the seriousness of the crime."); *see also Johnson*, 288 So. 3d at 768 ("[A]s evidenced by the trial court's comments, the trial court was more focused on the perceived harshness of the lowest permissible sentence on Mr. Johnson's scoresheet, due to the misdemeanor traffic violation in 2013.").

Based on the foregoing, the trial court's finding that there were mitigating factors that justified the imposition of a downward departure sentence was not supported by competent substantial evidence, and we reverse and remand for resentencing consistent with Mr. Caulkins' scoresheet and chapter 921, Florida Statutes.

Reversed and remanded.


SILBERMAN and BLACK, JJ., Concur.

—————————————————————

Opinion subject to revision prior to official publication.