708 So.2d 326 (1998)
STATE of Florida, Appellant,
v.
Jeffrey HILLHOUSE, Appellee.
No. 96-05034.
District Court of Appeal of Florida, Second District.
April 1, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James F. Manderscheid, St. Petersburg, for Appellee.
WHATLEY, Acting Chief Judge.
The State appeals the downward departure sentence imposed on Jeffrey Hillhouse. We reverse and remand for further proceedings.
The trial court found that Hillhouse qualified as a violent career criminal. However, the court sentenced Hillhouse pursuant to the guidelines and then found that a downward departure sentence was appropriate. Because the trial court sentenced Hillhouse to a downward departure sentence, it was required to give appropriate reasons for the departure. See Geohagen v. State, 639 So.2d 611 (Fla.1994) (finding that trial court could sentence habitual offender to guidelines downward departure sentence after providing sufficient written reasons).
The trial court found that a downward departure sentence was appropriate because Hillhouse required specialized treatment *327 and he was amenable to treatment. A finding that the defendant is amenable to treatment must be based on competent substantial evidence. Herrin v. State, 568 So.2d 920 (Fla.1990); State v. Benjamin, 685 So.2d 1335 (Fla. 2d DCA 1996); State v. Cohen, 667 So.2d 438 (Fla. 2d DCA 1996). There must be evidence that there is a reasonable possibility that such treatment will be successful. Herrin, 568 So.2d at 922. Here, there was no evidence that Hillhouse was amenable to treatment. Therefore, we reverse Hillhouse's sentence and remand for resentencing. Because Hillhouse's sentence was not the result of a plea agreement, Hillhouse should not be given the opportunity to withdraw his plea on remand.
Reversed and remanded.
NORTHCUTT and GREEN, JJ., concur.