SALCINES, Judge.
The State appeals the downward departure sentence entered after the trial court accepted the no contest plea of Shannon Butler. We reverse because the reason given by the trial court to justify the downward departure sentence is insufficient and, further, the record does not support the trial court’s reasoning.
At the plea hearing, the trial court stated that off-the-record discussions had taken place between the court, the defense counsel, and the State concerning a possible plea by Butler to the charge of possession of cocaine. The court stated that if a plea was entered, Butler would be sentenced to four months in the Pinellas County jail with credit for time served. The State objected to the proposed sentence.
The only discussion concerning the offense was the factual basis offered by the State. On January 3, 2000, a law enforcement officer observed Butler riding a bicycle. The officer made consensual contact with Butler who permitted a search. During the search, the officer found a small, clear, plastic baggie which contained less than 0.1 gram of cocaine, a “trace amount.” The trial court indicated that it would impose the downward departure sentence because the crime was committed in an unsophisticated manner and it was an isolated incident.
In order to support the trial court’s reasoning for the downward departure, it ’was necessary for there to have been competent, substantial evidence that (1) the offense was committed in an unsophisticated manner, (2) it was an isolated incident, and (3) the defendant had shown remorse. See State v. Santomaso, 764 So.2d 735, 737 (Fla. 2d DCA 2000); § 921.0026(2)(j), Fla. Stat. (2000). In the present case, there was no evidence supporting the factor that the offense was an isolated incident, the trial court did not make a finding, and there was no evidence that Butler had shown remorse. Accordingly, the downward departure sentence must be reversed.
On remand, Butler should be afforded the opportunity to withdraw his no contest plea. In the event Butler chooses to withdraw his plea, the trial court may once again impose a downward departure sentence if it is supported by competent, substantial evidence which is demonstrated of record. See State v. Knopp, 765 So.2d 164, 164 (Fla. 2d DCA 2000). If Butler does not withdraw his plea, he must be sentenced within the guidelines.
Reversed and remanded with directions.
PATTERSON, C.J., and NORTHCUTT, J., Concur.