890 So.2d 464 (2004)
STATE of Florida, Appellant,
v.
Mary Frances SAHADEO, Appellee.
No. 2D03-5774.
District Court of Appeal of Florida, Second District.
December 29, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellant.
Taryn X. Temmer, Brandon, for Appellee.
WALLACE, Judge.
The State appeals a downward departure sentence imposed on Mary Frances Sahadeo after she pleaded guilty to possession of cocaine and possession of drug paraphernalia. Because the trial court did not provide a valid legal ground for departure that is supported by competent, substantial evidence, we reverse Sahadeo's sentence and remand for resentencing within the guidelines.
After the trial court conducted a thorough plea colloquy and accepted Sahadeo's plea, the trial court discussed sentencing with the State and the defense. The State informed the trial court that the lowest permissible prison sentence available to Sahadeo under the sentencing guidelines was 21.75 months, and the State argued that there was no reason to depart. The *465 defense offered a general explanation of the reasons for Sahadeo's prior convictions but did not request a downward departure. Nevertheless, the trial court imposed a downward departure sentence of one year of community control followed by two years' probation. The State immediately objected to the imposition of the departure sentence. The trial court noted the State's objection and stated that the departure was based on Sahadeo's need for mental health treatment.
Unless the evidence supports a valid reason for a departure sentence, the trial court must impose a guidelines sentence. See Fla. R.Crim. P. 3.701(d). However, when a court imposes a sentence that departs from the sentencing guidelines, the departure must be supported by competent, substantial evidence. State v. Barnes, 753 So.2d 605 (Fla. 2d DCA 2000). The trial court's stated reason for the departure was Sahadeo's need for mental health treatment. If Sahadeo required specialized treatment for a mental disorder and was amenable to treatment, this would constitute a mitigating circumstance justifying a departure sentence. See § 921.0026(2)(d), Fla. Stat. (2003). However, the defense offered no evidence that Sahadeo required treatment for a mental disorder; in fact, the defense did not even argue that Sahadeo had a mental disorder. Therefore, the trial court's reason for departure is not supported by competent, substantial evidence, and the departure sentence must be reversed.
A defendant is entitled to withdraw a plea if, following a plea agreement, the trial court is not able to adhere to the provisions of the plea agreement. See Goins v. State, 672 So.2d 30 (Fla.1996). However, in this case the plea was an open plea to the court with no agreement for a sentence. Under these circumstances, there is no reason to allow Sahadeo to withdraw her plea. On remand, Sahadeo must be resentenced within the guidelines.
Reversed and remanded with instructions.
CASANUEVA and KELLY, JJ., concur.