MORRIS, Judge.
The State of Florida appeals the imposition of a downward departure sentence in this case. We hold that the reason provided by the trial court for imposing the downward departure sentence is not supported by competent, substantial evidence, and we therefore reverse and remand for resentencing.
*868 In August 2011, David B. McEl-roy, the appellee, pleaded no contest to domestic battery by strangulation. Adjudication was withheld, and he was sentenced to eleven months and twenty-nine days in jail, followed by four years of probation. The State objected to this downward departure sentence.[1] On August 19, 2011, the judgment and sentence were filed. However, on August 22, 2011, the trial court issued a sua sponte order, entitled “Order for Rehearing of Sentencing,” wherein the trial court rescinded the sentence and set the matter for a new hearing. At the new sentencing hearing, the trial court stated that “it is not [the court’s] intent to change the sentence.” The trial court then explained that because it imposed a downward departure sentence, it needed to state the reason for the downward departure on the record to prevent a reversal of the sentence and to ensure that “[McElroy] doesn’t end up in prison for several years instead of several months.” After the sentencing hearing, the original trial judge failed to issue a new sentencing order. At that point in time, McElroy was in a legal limbo, serving his jail sentence, but without the benefit of a formal sentencing order. The State subsequently sought disqualification of the trial judge which was eventually granted. The case was reassigned, and on February 8, 2012, the successor judge entered an order finding that the August 22, 2011, order that rescinded the original sentencing order was a nullity. The successor judge also ordered the clerk of court to file the original judgment and sentence from August 19, 2011. The State then timely filed its appeal of the February 8, 2012, order.[2]
A trial court’s decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by “a preponderance of the evidence.” This aspect of the court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent!,] substantial evidence supports its ruling. ...
Second, where the step 1 requirements are met, the trial court further must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case. In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion.
Banks v. State, 732 So.2d 1065, 1067-1068 (Fla.1999) (footnotes omitted). Here, the *869 issue is whether the requirements of step 1 were met.
The trial court imposed the downward departure after finding that McElroy suffered from a “significant mental or emotional disorder.” A downward departure sentence may be imposed where the defendant needs specialized treatment for a mental disorder unrelated to substance abuse or addiction or for a physical disability and where the defendant is amenable to treatment. See § 921.0026(l)(d), Fla. Stat. (2011).[3]
The problem in this case is that McEl-roy did not seek a downward departure sentence pursuant to section 921.0026(l)(d).[4] And although he testified that a counselor told him that “she believed I had Manic Depressive Disorder with severe dependency issues,” he offered no proof of a formal diagnosis made by a physician. He also testified that he stopped participating in counseling and taking medication in 2006. There was simply no evidence presented on the issues of whether McElroy suffered from a mental disorder which required specialized treatment or whether he was amenable to such treatment.
Instead, without any adequate factual basis, the trial court concluded that McEl-roy was suffering from an undiagnosed mental or emotional disorder based on McElroy’s conduct during sentencing. The trial court stated “I can’t identify what it is, but I can see the symptoms.” The trial court also found that the undiagnosed mental or emotional disorder “does not strike me as simply one that addresses ... anger management” but, instead, was “a lot more complicated than that.” Based on that finding, the trial court concluded that participation in anger management courses would be an insufficient treatment option. The closest that the trial court came to addressing McElroy’s amenability to treatment was the trial court’s opining that if treatment was available and McEl-roy took advantage of it, there was a “realistic possibility.”
The trial court’s finding that a downward departure sentence pursuant to section 921.0026(l)(d) was appropriate is not supported by competent, substantial evidence. There was no evidence of an official diagnosis, whether McElroy required specialized treatment, or whether McElroy would even be amenable to such treat *870 ment. The trial court’s conclusions were based purely on speculation which did not support the imposition of a downward departure sentence. Accordingly, we reverse the downward departure sentence.[5] See State v. Sahadeo, 890 So.2d 464, 465 (Fla. 2d DCA 2004) (reversing downward departure sentence where defense offered no evidence that appellant required treatment for mental disorder and did not even argue that appellant suffered from a mental disorder). On remand, the trial court shall conduct a de novo resentencing hearing. See Jackson v. State, 64 So.3d 90, 93 (Fla.2011) (holding that “nothing within the [Criminal Punishment Code] precludes the imposition of a downward departure sentence on resentencing following remand” and that a trial court may resen-tence a “defendant to a downward departure if such a departure is supported by valid grounds”).
 Ordinarily, “[a] defendant is entitled to withdraw a plea if, following a plea agreement, the trial court is not able to adhere to the provisions of the plea agreement.” Sahadeo, 890 So.2d at 465. But here, there was no plea agreement in place nor was there any inducement to enter the plea by the trial court. Rather, MeElroy entered an open plea to the court. Under these circumstances, MeElroy is not entitled to withdraw his plea. See id.[6]
Reversed and remanded for resentenc-ing.
ALTENBERND and WALLACE, JJ., Concur.

. McElroy's scoresheet reflected that the lowest permissible sentence was 24.225 months in prison.

. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)( 1)(M). We reject McElroy’s assertion that this appeal is untimely because the State failed to file a notice of appeal from the original sentencing order filed on August 19, 2011. The original sentence was rescinded via the trial court’s sua sponte August 22, 2011, order, and no further sentencing orders were filed until February 8, 2012. Thus through no fault of the State, there was no sentence to appeal until February 8, 2012.

. We acknowledge that this court, as well as the First and Third District Courts of Appeal, holds that "[t]o show that a defendant requires specialized treatment for a mental disorder, 'it must be established that the mental disorder requires treatment that is not available in the Department of Corrections.’ ” State v. Wheeler, 891 So.2d 614, 616 (Fla. 2d DCA 2005) (quoting State v. Mann, 866 So.2d 179, 182 (Fla. 5th DCA 2004)); State v. Hall, 981 So.2d 511, 514 (Fla. 2d DCA 2008); State v. Scherber, 918 So.2d 423, 424-25 (Fla. 2d DCA 2006); State v. Ford, 48 So.3d 948, 950 (Fla. 3d DCA 2010); State v. Holmes, 909 So.2d 526, 528 (Fla. 1st DCA 2005). We also acknowledge that both the Fifth and the Fourth District Courts of Appeal have receded from their prior case law and certified conflict with the opinions from this court and the First and Third District Courts of Appeal. See, e.g., State v. Owens, 95 So.3d 1018, 1019— 21 (Fla. 5th DCA 2012) (en banc); State v. Chubbuck, 83 So.3d 918, 921-23 (Fla. 4th DCA 2012) (en banc), review granted, SC12-657. Oral argument was conducted in the Chubbuck case before the Florida Supreme Court on September 17, 2013. However, we need not address the continuing vitality of the requirement mentioned above because it is not dispositive to this case given the complete lack of competent, substantial evidence that McElroy suffered from a mental disorder.

. McElroy did seek a downward departure based on section 921.0026(2)(j), which permits a departure where the crime was an isolated incident, was committed in an unsophisticated manner, and where the defendant has shown remorse. The trial court rejected this argument below.

. The State also argues that the trial court committed technical errors when it failed to reduce its reason for the downward departure sentence to writing and when it failed to note the departure on the sentencing scoresheet. See Hall, 981 So.2d at 513 (citing § 921.00265(2) and explaining that a trial court must file written reasons for a downward departure within seven days after the date of sentencing; we recognized, however, that a downward departure sentence may still be affirmed where the trial court makes oral findings on the record which are supported by competent, substantial evidence). However, due to our disposition of this case, we need not address this issue.

. Cf. Scherber, 918 So.2d at 425 (holding that because pleas were induced by trial court’s finding that defendant was eligible for downward departure sentence, defendant should be permitted to withdraw his pleas on remand); Wheeler, 891 So.2d at 617 ("Since the trial court induced the departure sentence which is now reversed, Wheeler should be permitted to withdraw his plea.”).