NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,          )
                           )
        Appellant,         )
                           )
v.                         )          Case No. 2D13-4843
                           )
KENNETH HUDSON,            )
                           )
        Appellee.          )
                           )
_____)

Opinion filed December 17, 2014.

Appeal from the Circuit Court for Manatee
County; John F. Lakin, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa, for
Appellant.

Peter Lombardo, Bradenton, for Appellee.


DAVIS, Chief Judge.

         Kenneth Hudson entered nolo contendere pleas to three counts of sale of

cocaine and one count each of possession of cocaine, violating license restrictions, and

operating a motorcycle without a valid driver's license. His scoresheet indicated a

lowest permissible sentence of twenty-one months' prison. But the trial court sentenced

him to twenty-one months' prison, suspended, and twenty-four months' probation. At

sentencing, the trial court indicated that it was departing downward pursuant to section 921.0026(2)(j), Florida Statutes (2013), which allows for a sentence below the lowest permissible sentence where "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." In departing downward, the court only stated, "I don't believe the operation in and of itself was sophisticated enough to come into the category in my mind, okay, that doesn't obviate some section (j) of Florida Statute 921.0026 . . . . So I'm going to depart under that statute." The State now challenges this sentence, and we reverse.

We initially note that the trial court failed to put its reasons for departing downward into writing. See § 921.002(1)(f) (requiring that "[d]epartures below the lowest permissible sentence established by the code . . . be articulated in writing by the trial court judge" and supported by a preponderance of the evidence). The trial court's final judgment only addresses counts three and six, the misdemeanor counts for which Hudson received time served, but it fails to address counts one, two, four, and five, the counts for which the court departed downward. The judgment does incorporate by reference the probation order by a notation to "see separate order of probation for counts 1, 2, 4, 5." But the probation order also lacks written reasons for the downward departure sentence. However, "[i]f the trial court does not file written reasons, a downward departure sentence may nevertheless be affirmed if the record reflects that the trial court made oral findings on the record at the sentencing hearing which support the sentence." State v. Naylor, 976 So. 2d 1193, 1196 (Fla. 2d DCA 2008). Here, in rendering sentence, the trial court merely stated, "I don't believe the operation in and of itself was sophisticated enough to come into the category."

- 2 -

The determination of whether this is a valid legal ground for a downward departure "is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling." See State v. Subido, 925 So. 2d 1052, 1057 (Fla. 5th DCA 2006). We conclude that in the instant case the trial court did not apply the correct rule of law and that Hudson failed to present competent, substantial evidence to support the downward departure. See Naylor, 976 So. 2d at 1196 ("The defendant bears the burden of presenting competent, substantial evidence supporting the reason for the downward departure.").

With regard to the correct rule of law, in order to depart downward under subsection (j) of the statute, "it [i]s necessary for there to [be] competent, substantial evidence that (1) the offense was committed in an unsophisticated manner, (2) it was an isolated incident, and (3) the defendant had shown remorse." State v. Butler, 787 So. 2d 47, 48 (Fla. 2d DCA 2001). Here, the trial court addressed the sophistication prong of subsection (j) but made no findings that the offenses amounted to an isolated incident or that Hudson had shown remorse. And the record does not support either of these required elements. See id. ("In the present case, there was no evidence supporting the factor that the offense was an isolated incident, the trial court did not make a finding, and there was no evidence that Butler had shown remorse.").

At the sentencing hearing, Hudson presented the testimony of himself and his girlfriend. Neither testified as to Hudson's remorsefulness other than to say that Hudson sold the drugs so that he could make a nice Christmas for his children. Hudson did try to classify these three separate drug sales as an isolated incident, testifying that

- 3 -

they were the only three drug sales he made during that time period. But the arresting officer testified on rebuttal that in addition to these three sales, there were two other transactions between himself and Hudson that the officer had been unable to videotape. As to remorse, Hudson testified, "[I]t's not just something that needs to be tolerated, selling drugs, and I know it's wrong, but I couldn't get throwed [sic] out and I resorted to doing what I had to do." He also testified that he had been upset with law enforcement for not stopping him after the first sale. As such, Hudson has not met his burden of establishing either that this was an isolated incident or that he was remorseful.

Furthermore, the record does not support the trial court's conclusion that this crime was committed in an unsophisticated manner. Hudson's testimony merely recounted his job history and how even though he had been in some trouble when he was young, he had since stayed out of trouble—until the instant offenses. His girlfriend testified that he provided for his children and that he did not have a drug problem. This testimony does not speak to the sophistication level of the crime. However, the officer testified that Hudson operated under an alias and that he was able to obtain and provide cocaine to the officer on five different occasions, suggesting a certain level of sophistication in the area of drug sales.[1]

Finally, Hudson maintains on appeal that even if departure was not proper under subsection (j), the record supports a downward departure under section 921.0026(2)(m), which provides as follows:

---

[1]On appeal, Hudson also argues that the State did not preserve its objection to the downward departure sentence. But the transcript of the sentencing hearing makes clear not only that the State opposed the downward departure but also its reasons for doing so.

- 4 -

> The defendant's offense is a nonviolent felony, the defendant's Criminal Punishment Code scoresheet total sentence points . . . are [sixty] points or fewer, and the court determines that the defendant is amenable to the services of a postadjudicatory treatment-based drug court program and is otherwise qualified to participate in the program as part of the sentence.

We do not agree that the record supports a downward departure under this subsection. Although Hudson's total points were less than sixty, he presented no evidence that he is "amenable to the services of a postadjudicatory treatment-based drug court program" or that he "is otherwise qualified to participate in" such a program. And the trial court made no such findings, written or oral.

Because the trial court's stated reason for departing downward was legally insufficient, we must reverse and remand for resentencing.

Reversed and remanded.

NORTHCUTT and CASANUEVA, JJ., Concur.