DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES GREEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3276

[October 3, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Tim Bailey, Judge; L.T. Case Nos. 14-00473 CF10A, 14-01835 CF10A and 16-07912 CF10A.

Lee Friedland of Friedland & Associates, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

This appeal arises from the trial court's denial of the defendant's request for a downward departure sentence based on his mental health condition. We find the trial court erred in determining that it lacked the discretion to impose a downward departure sentence, and we reverse and remand for further proceedings before a different judge.

The defendant was before the trial court for sentencing on two violation of probation matters as well as new offenses involving harassing telephone calls to the judge then presiding over his case. Prior to sentencing, the defendant was found incompetent to proceed based on mental illness. Four months later, after receiving treatment at a competency restoration center, he was found competent and transferred to the county jail.

In a written motion, the defendant sought a downward departure sentence pursuant to section 921.0026(2)(c) and section 921.0026(2)(d),

Florida Statutes (2017).[1]

After an evidentiary hearing during which a psychologist testified on the defendant's behalf, the trial court found the defendant "has a mental [dis]order [that is] unconnected with substance abuse," but it denied the motion, finding that the "doctor said he is not amenable" and that "[n]obody said [that the defendant] will cooperate and take his meds. [There is] [z]ero evidence on that." The court reiterated that there was "no evidence" of the defendant's amenability to treatment. The court did not make any findings as to the other ground for departure raised by the defendant.

In reviewing a trial court's denial of a request for a downward departure sentence, this court applies a "mixed, two-part review," which first addresses whether competent substantial evidence supports the trial court's finding as to "whether there is a valid legal ground and adequate factual support for that ground" (step one), and next addresses whether the trial court abused its discretion in determining that it should not depart (step two). *Kovalsky v. State*, 220 So. 3d 1192, 1194-95 (Fla. 4th DCA 2017). Here, the trial court erred in two respects, both relating to step one of the process.

First, the court found that there was no evidence of the defendant's amenability to treatment. But the record clearly belies this notion. For a trial court to find that a defendant is amenable to treatment, "[t]here must be evidence that there is a reasonable possibility that such treatment will be successful." *State v. Hillhouse*, 708 So. 2d 326, 327 (Fla. 2d DCA 1998); *see also State v. Skidmore*, 755 So. 2d 647, 648 (Fla. 4th DCA 1999) ("In order to impose a departure sentence [based on necessity of and amenability to treatment for a mental disorder], there must be competent substantial evidence to establish that the defendant exhibits the potential to be rehabilitated.").

Here, the psychologist, Dr. Michael Brannon, testified that the defendant was amenable to specialized treatment involving placement in a dual diagnosis residential treatment facility with follow up care, as he

---

[1] Pursuant to section 921.0026(2)(c), the trial court may impose a downward departure sentence where the "capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired." Pursuant to section 921.0026(2)(d), the trial court may impose a downward departure sentence where the "defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction . . . and the defendant is amenable to treatment."

had insight into the effects of his disorder, family support, and a reasonable chance of being able to complete a program. We recognize that there was evidence that the defendant stopped taking his medication upon his return to the jail. However, Dr. Brannon explained that this was not a surprise, as those suffering from schizo-affective disorder sometimes stop taking their medication while they are in jail or prison because they feel threatened by the environment. Dr. Brannon also suggested that unlike a residential dual-diagnosis program offering the specialized treatment the defendant required, the jail might lack medication compliance groups that focus on "encourag[ing] the person to continue to take their medication." Dr. Brannon observed that when the defendant had been treated in a place with more structure, such as the competency restoration center, he had done "very well."

In short, although there was conflicting evidence as to the defendant's amenability to treatment, there was not a total lack of evidence on this point, as the trial court erroneously stated, and there was in fact sufficient evidence to depart.[2]

The trial court also erred in failing to consider the other ground for departure put forth by the defendant. There was evidence which could support a departure sentence based on section 921.0026(2)(c). Dr. Brannon opined that the statements the defendant made in harassing communications directed to the first judge presiding over his case were consistent with his diagnosis and "very consistent with delusional beliefs." He elaborated:

> Just in terms of a judgment to do that, and him leaving messages and things like that, how poor the judgment is with that is consistent with mental illness.
>
> But the content, meaning the suspiciousness and expectations that he was being treated unfairly within the system by that judge, and then referenced to personal notes as well, is more suggestive of mental illness.
>
> This is the person deciding your fate, deciding at least in terms of your freedom, so to incite that situation with such

---

[2] The state argues that we could affirm based on the defendant's failure to prove his mental health disorder required specialized treatment. We find no merit in this argument. Dr. Brannon testified that schizo-affective disorder requires specialized treatment involving medication and structured environments to help the person continue to comply.

personal commentary, although not unheard of, in his particular case would be more consistent with his paranoid delusions.

The trial court did not make any findings regarding whether there was competent substantial evidence supporting departure under section 921.0026(2)(c).

For the foregoing reasons, we find that the trial court erred in making a specific finding that it lacked discretion to depart downward with respect to section 921.0026(2)(d) and further by failing to consider whether the evidence supported departure under section 921.0026(2)(c).

We reverse the defendant's sentences and remand for further proceedings before a different judge.

*Reversed and remanded for further proceedings before a different judge.*

MAY, J., and HARPER, BRADLEY, Associate Judge, concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***