NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,                    )
                                     )
      Appellant,                     )
                                     )
v.                                   )          Case No. 2D17-806
                                     )
WILLIAM FRANCIS BELLAMY,             )
                                     )
      Appellee.                      )
_____)

Opinion filed May 8, 2019.

Appeal from the Circuit Court for
Manatee County; Hunter Carroll,
Judge.

Ashley Moody, Attorney General,
Tallahassee, and Katie Lynn Salemi,
Assistant Attorney General, Tampa,
for Appellant.

Howard L. Dimmig, II, Public Defender,
and William L. Sharwell, Assistant Public
Defender, Bartow, for Appellee.


CASANUEVA, Judge.

        The State of Florida appeals the imposition of William Francis Bellamy's

downward departure sentence.  Mr. Bellamy entered a plea to the charge of aggravated

battery and was sentenced to a downward departure sentence of eight years of

probation.  The trial court departed downward from the sentencing guidelines based on

its findings that Mr. Bellamy required specialized treatment for a mental disorder that is unrelated to substance abuse or addiction and for a physical disability, and Mr. Bellamy is amenable to treatment. We conclude that these findings were not supported by competent, substantial evidence and reverse.

The decision of a trial court to depart from the sentencing guidelines is a two-part process: 1) the court must decide whether there is a legal and factual basis for that ground; and 2) the court must decide whether it should depart from the guidelines. Banks v. State, 732 So. 2d 1065, 1067-68 (Fla. 1999). The issue on appeal in the present case involves the first prong, and this court's review of the trial court's determination that there was a valid ground for a downward departure sentence "is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling." State v. Hudson, 153 So. 3d 375, 377 (Fla. 2d DCA 2014) (quoting State v. Subido, 925 So. 2d 1052, 1057 (Fla. 5th DCA 2006)).

Here, the trial court found that Mr. Bellamy qualified for a downward departure sentence based on section 921.0026(2)(d), Florida Statutes (2015), which provides that a trial court may depart from the lowest permissible sentence if a "defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment." See State v. Chubbuck, 141 So. 3d 1163, 1171 (Fla. 2014). The trial court specifically found that there was sufficient evidence that Mr. Bellamy suffered from a mental disorder. The court also found that there was sufficient evidence that Mr. Bellamy had been diagnosed with mesothelioma, that he has a cataract, and that he

suffers from "the other physical ailments that [his daughter] talked about." The trial court also noted that no physician had testified regarding Mr. Bellamy's physical disabilities.

Regarding the trial court's finding that Mr. Bellamy suffered from a mental disorder, we have reviewed the transcript and can find no testimony supporting this finding. Further, Mr. Bellamy's attorney admitted in his argument for a downward departure that Mr. Bellamy has never been diagnosed with any mental health issues. We also note that at the change of plea hearing, Mr. Bellamy testified that he has never been treated for a mental illness. Therefore, the trial court abused its discretion in ruling that Mr. Bellamy required specialized treatment for a mental disorder that is unrelated to substance abuse or addiction.

We next examine the trial court's second ground for a downward departure sentence, Mr. Bellamy's need for specialized treatment for a physical disability. At the sentencing hearing, Mr. Bellamy's daughter, Kim Bellamy, testified that Mr. Bellamy had been diagnosed with mesothelioma, but her information was based on what her father had told her. When Mr. Bellamy was asked if he had been treated for asbestos exposure while he was in jail, he testified, "when I did get in jail, then they said I had it. . . . All I know is one doctor told me that I had that disease, and that's all I heard."

Both Mr. Bellamy and his daughter testified that he has vision problems. He was taken to an eye doctor while in jail, but he did not get the full results of his examination. He also testified that he has gout, arthritis, a difficult time hearing, and problems with his skin. No medical records or expert testimony was presented at the

sentencing hearing to substantiate Mr. Bellamy's claims.  We are therefore required to reverse.

In State v. McElroy, 145 So. 3d 866, 869 (Fla. 2d DCA 2014), this court held that the trial court's downward departure sentence pursuant to section 921.0026(1)(d) was not supported by competent, substantial evidence where there was no evidence of an official diagnosis, no evidence regarding whether the appellee required specialized treatment, and no evidence regarding whether the appellee would be amenable to treatment.  In that case, the appellee testified that a counselor had told him that the counselor believed that he had manic depressive disorder with severe dependency issues, but the appellee "offered no proof of a formal diagnosis made by a physician."  Id.; see State v. Paulk, 813 So. 2d 152, 154 (Fla. 3d DCA 2002) (holding that there was insufficient evidence to support the trial court's finding that appellee suffered from health problems where no medical evidence of his condition was offered).

"The defendant bears the burden of presenting competent, substantial evidence supporting the reason for the downward departure sentence."  State v. Naylor, 976 So. 2d 1193, 1196 (Fla. 2d DCA 2008).  As in McElroy, 145 So. 3d at 869, Mr. Bellamy "offered no proof of a formal diagnosis made by a physician."  The only evidence that Mr. Bellamy suffered from a physical disability came from his own testimony that a physician at the jail told him that he had mesothelioma.

We are mindful of the fact that when Mr. Bellamy appeared at sentencing, he was seventy-two years old. He is now seventy-four years old, and he was given eight years of probation.  Further, defense counsel asserted that the victim had indicated a few times that he did not want to prosecute, and the State noted that the victim "was not

- 4 -

very cooperative with law enforcement as far as wanting charges filed."  Nonetheless, we are required to reverse because there was a lack of competent, substantial evidence presented at the sentencing hearing to support the trial court's findings.  Accordingly, we reverse the downward departure sentence and remand this case for the trial court to conduct a de novo resentencing hearing.  See McElroy, 145 So. 3d at 870.

Reversed and remanded for resentencing.

LaROSE, C.J., and MORRIS, J., Concur.