DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEROMEE SAFFOLD** a/k/a **JEREMY SAFFOLD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1879

[January 6, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara R. Duffy, Judge; L.T. Case No. 15-003460CF10A.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jeromee Saffold appeals his sentences imposed after he pleaded no contest to seven counts: (I)–(V) armed sexual battery; (VI) kidnapping with intent to facilitate a felony; and (VII) aggravated battery with a deadly weapon. We affirm in part, reverse in part, and remand.[1]

### i.   *The Improper Firearm Points on Saffold's Scoresheet*

Saffold first argues the improper inclusion of firearm points on his scoresheet requires reversal. The State partially concedes the improper

---

[1] We affirm without comment all issues not discussed in this opinion, with one exception: We note that the State correctly concedes error on the trial court's imposition of a dangerous sexual felony offender designation and 25-year mandatory minimum sentence on counts II through V, *see Thomas v. State*, 183 So. 3d 479, 480 (Fla. 4th DCA 2016), and on count VI, *see* § 794.0115(2), Fla. Stat. (2019). On remand, we direct the court to correct these errors in the written sentences.

inclusion of the firearm points but argues any error was harmless. On this issue, we affirm but remand.

We agree eighteen firearm points were erroneously included on Saffold's scoresheet. If a defendant is convicted of "any felony other than those enumerated in s. 775.087(2)" while having a firearm in his possession, then eighteen firearm points are authorized. § 921.0024(1)(b), Fla. Stat. (2019). Saffold was convicted of five counts of armed sexual battery, one count of kidnapping, and one count of aggravated battery with a deadly weapon (a firearm), all of which are enumerated felonies in section 775.087. *See* § 775.087(2)(a)1.b., f., g., Fla. Stat. (2019). Because all are enumerated felonies, the eighteen firearm points were not authorized.

While the court erred, on this point the record shows any error was harmless. So we affirm the sentence but direct the court to correct the scoresheet on remand. *See, e.g.*, *Platt v. State*, 268 So. 3d 170, 171 (Fla. 4th DCA 2019).

*ii. The Improper Sexual Penetration Points on Saffold's Scoresheet*

Saffold also argues the court erroneously imposed sexual penetration points, instead of sexual contact points, on counts I, IV, and V. "Penetration and union are not synonymous terms." *Anthony v. State*, 854 So. 2d 744, 748 (Fla. 2d DCA 2003) (citing *Wright v. State*, 739 So. 2d 1230, 1234 (Fla. 1st DCA 1999)). "Union permits a conviction based on *contact with the relevant portion of anatomy*, whereas penetration requires some entry into the relevant part, however slight." *Tirado v. State*, 219 So. 3d 146, 149 (Fla. 4th DCA 2017) (quoting *Seagrave v. State*, 802 So. 2d 281, 287 n.7 (Fla. 2001)).

Under the *Apprendi/Blakely* line of cases, when a defendant pleads guilty, the State may seek a sentence enhancement by the judge as long as the defendant "either stipulates to the relevant facts or consents to judicial factfinding." *Blakely v. Washington*, 542 U.S. 296, 310 (2004) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 488 (2000); *Duncan v. Louisiana*, 391 U.S. 145, 158 (1968)).

"When a defendant pleads to an offense that does not require proof of sexual penetration as charged, victim injury points for penetration cannot be assessed unless the defendant stipulates that penetration occurred or agrees to inclusion of the points as part of a plea bargain." *Alexis v. State*, 258 So. 3d 471, 472–73 (Fla. 4th DCA 2018). Saffold argues that the factual basis for counts I, IV, and V supported assessing only sexual

2

contact points, not sexual penetration points; Saffold does not dispute counts II and III.

We disagree with Saffold on count I and affirm the inclusion of sexual penetration points on that count. But we agree in part and reverse the inclusion of the sexual penetration points on counts IV and V; the trial court should impose sexual contact points for these counts. We also find this error was not harmless, as the record does not show the court would have imposed the same sentence with a corrected scoresheet. *See Harmon v. State*, 284 So. 3d 1080, 1081 (Fla. 4th DCA 2019) ("Under the 'would-have-been-imposed' test, scoresheet error is considered harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet." (quoting *Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008))). On remand, the court must resentence Saffold on these counts.

### iii. The Downward Departure Motion

Next, Saffold argues the court erred when it denied his motion for downward departure that was based on amenability to treatment for his bipolar disorder. *See* § 921.0026(2)(d), Fla. Stat. (2019). On this issue, we reverse in part.

We conduct a two-part review when reviewing the court's denial of a request for a downward departure. *Green v. State*, 257 So. 3d 474, 475 (Fla. 4th DCA 2018). First, we determine "whether competent substantial evidence supports the trial court's finding as to 'whether there is a valid legal ground and adequate factual support for that ground.'" *Id.* (quoting *Kovalsky v. State*, 220 So. 3d 1192, 1194 (Fla. 4th DCA 2017)). Second, we determine "whether the trial court abused its discretion in determining that it should not depart." *Id.* (quoting *Kovalsky*, 220 So. 3d at 1194).

When it denied the motion for downward departure, the court stated that it did "not believe" that Saffold was amenable to treatment and that Saffold had "done absolutely nothing to obtain treatment." For a court to find a "defendant is amenable to treatment, '[t]here must be evidence that there is a reasonable possibility that such treatment will be successful.'" *Green*, 257 So. 3d at 475 (alteration in original) (quoting *State v. Hillhouse*, 708 So. 2d 326, 327 (Fla. 2d DCA 1998)).

The uncontroverted evidence shows Saffold acted to obtain treatment before and after the crimes. Saffold sought assistance through his employer's employee assistance program; found a couple of psychiatrists and saw one regularly; and took medication that was working until he was

3

jailed. Once jailed at a facility that did not offer the medication, Saffold sought other medications that he took until stopping due to negative side effects.

These are some of the record facts showing that Saffold did not do "absolutely nothing to obtain treatment." It is unclear whether the trial court was aware of the correct rule about amenability given its comment that Saffold had done nothing to obtain treatment. As a result, we reverse the court's denial of the motion for reconsideration of the downward departure motion on that ground.

*iv. Conclusion*

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN, FORST and KUNTZ, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

4