IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.

      Case No.    5D21-2422
      LT Case No. 2020-CF-000402-A

MARCUS ANTHONY SAWYER,

      Appellee.

_____/

Opinion filed November 4, 2022

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Ashley Moody, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellant.

J. Michael Blackstone, of J. Michael
Blackstone, P.A., Crystal River, for
Appellee.

WALLIS, J.

      The State appeals the downward departure sentence imposed after

Appellee entered a nolo contendere plea to trafficking in cocaine, possession

of cannabis with intent to sell, manufacture or deliver, and possession of paraphernalia. We reverse because competent, substantial evidence does not support the trial court's decision to impose the downward departure sentence.

Immediately before trial was to begin in this case, defense counsel informed the court that Appellee was in "complete renal failure," which necessitated his receiving dialysis three times per week. At that time, defense counsel provided the court with a letter from Appellee's dialysis provider and various medical records purporting to confirm Appellee's medical condition. Notably, the medical documentation was neither signed by Appellee's treating physicians nor provided via sworn testimony. Thereafter, over the State's objection, the trial court offered five years of probation in exchange for a guilty plea, citing to Appellee's renal failure as justification. Appellee accepted the plea offer and the trial court adjudicated Appellee guilty, imposing a downward departure sentence of five years of drug offender probation instead of the lowest permissible sentence of 90.71 months in prison with a three-year minimum mandatory penalty for the drug trafficking charge.

A trial court may impose a downward departure from the lowest possible sentence only if there are circumstances or factors to support the

departure; a trial court may not impose a downward departure in the absence of such circumstances or factors. §§ 921.0024(2), 921.0026(1), Fla. Stat. (2021). The onus is on the defendant to establish that a valid reason for a departure exists. See, e.g., State v. Kahl, 333 So. 3d 809, 811–12 (Fla. 1st DCA 2022).

Determining whether a downward departure sentence was properly imposed presents a mixed question of law and fact. State v. Diaz, 290 So. 3d 611, 613 (Fla. 2d DCA 2020). In considering whether to uphold a departure sentence, we must apply a two-pronged analysis. Banks v. State, 732 So. 2d 1065, 1067 (Fla. 1999). First, we must determine whether the trial court applied the correct rule of law and whether such application is supported by competent, substantial evidence. Id. Second, if the downward departure is supported by competent, substantial evidence, we must "decide whether the trial court [abused its discretion] in determining that the downward departure sentence was the best sentencing option for the defendant." State v. Johnson, 224 So. 3d 877, 879 (Fla. 2d DCA 2017) (alteration in original). This is a determination which requires us to consider the totality of the circumstances. Id.

In this case, competent, substantial evidence does not support the trial court's finding regarding Appellant's medical condition. In order to establish

that a downward departure sentence was warranted pursuant to section 921.0026(2)(d), Appellee was required to prove the following three elements: (1) that he has a physical disability which (2) requires specialized treatment, and (3) that he is amenable to that treatment.[1] See State v. Chubbuck, 141 So. 3d 1163, 1171 (Fla. 2014).

Amenability has been defined as "a reasonable possibility that . . . treatment will be successful." Id. at 1171 n.22 (quoting Herrin v. State, 568 So. 2d 920, 922 (Fla. 1990)). Chapter 921, Florida Statutes, does not define "specialized treatment," but testimony from a medical professional is sufficient to establish this element. Id. at 1169; see, e.g., Williams v. State, 286 So. 3d 892, 896–98 (Fla. 2d DCA 2019) (holding that an experienced psychologist's testimony, if found to be credible, is competent, substantial evidence).

---

[1] We recognize that the trial judge issued a written memorandum explaining that the departure was based on non-statutory mitigating factors in accordance with section 921.0026(1), which states that mitigating factors include, but are not limited to, the statutory factors listed in section 921.0026(2). However, a court cannot rely on a non-statutory factor when that factor is encompassed within a listed statutory factor. See State v. Kunkemoeller, 333 So. 3d 335, 340 (Fla. 1st DCA 2022) ("The legislature's requirements would be left hollow if a sentencing court could cherry-pick one part of a statutory mitigator and re-define it as non-statutory. A statutory ground's requirements cannot be avoided simply by renaming the basis a non-statutory ground.").

Here, no competent, substantial evidence as to either amenability or specialized treatment supports the trial court's decision to enter a downward departure sentence. The evidence presented to the trial judge was limited to: (1) the letter from the dialysis provider, (2) a collection of medical reports confirming Appellee's diagnosis, and (3) Appellee's testimony subsequent to the trial court's decision to impose the downward departure sentence. The trial court also considered defense counsel's representations regarding Appellee's medical condition.

This evidence is insufficient to support the downward departure sentence for several reasons. First, the letter from the dialysis provider was unsworn, and was signed by a social worker rather than Appellee's doctor. Second, while these documents do seem to establish that Appellee suffers from chronic renal failure, among a host of other illnesses, they do not address the specialized nature of dialysis as a treatment, or whether Appellee is amenable to such treatment. Third, a defendant's testimony as to his medical condition, on its own, has been found to be insufficient to support a downward departure under section 921.0026(2)(d). See State v. McElroy, 145 So. 3d 866, 869–70 (Fla. 2d DCA 2014). Finally, an attorney's representations are insufficient to support a downward departure. See State v. Teal, 831 So. 2d 1254, 1255 (Fla. 2d DCA 2002).

5

Therefore, because there was no evidence as to either specialized treatment or amenability as required by section 921.0026(2)(d) to support a downward departure, we reverse and remand for a new sentencing hearing.[2] During the new sentencing hearing, Appellee should be given an opportunity to withdraw his plea if he wishes to do so. See State v. Sahadeo, 890 So. 2d 464, 465 (Fla. 2d DCA 2004) ("A defendant is entitled to withdraw a plea if, following a plea agreement, the trial court is not able to adhere to the provisions of the plea agreement.").

REVERSED and REMANDED FOR FURTHER PROCEEDINGS.

EDWARDS and HARRIS, JJ., concur.

---

[2] In addition to reversing for the reasons explained, when there is a mandatory minimum sentencing requirement, a trial judge cannot impose a downward departure sentence below the mandatory minimum. See State v. Vanderhoff, 14 So. 3d 1185, 1186 (Fla. 5th DCA 2009) (holding trial court erred in imposing a downward departure sentence below the minimum mandatory required by statute).