# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-1603
LT Case No. 2019-CF-003146-A

_____

STATE OF FLORIDA,

    Appellant,

    v.

JAMES PAUL AVERY,

    Appellee.

_____

On appeal from the Circuit Court for Lake County.
Heidi Davis, Judge.

Ashley Moody, Attorney General, Tallahassee, and Daniel Caldwell, Assistant Attorney General, Daytona Beach, for Appellant.

Blair Jackson, of Law Office of Corey I. Cohen & Associates, Orlando, for Appellee.

April 12, 2024

PRATT, J.

The State appeals James Paul Avery's sentence, contending that the trial court's downward departure was not supported by competent, substantial evidence. We agree.

# I.

The State charged Avery with 26 counts of possession of child pornography and one count of promoting a sexual performance by a child. Avery entered an open plea to all the charges. Soon thereafter, a psychologist evaluated him and produced a written report. The psychologist's evaluation consisted of a clinical interview, a review of documents, a mental status exam, and a sexual violence risk assessment.

The psychologist reported that Avery denied ever having been Baker Acted or admitted for inpatient psychiatric hospitalization, that he denied a family history of mental health issues, and that he self-reported that he suffered from depression. Her evaluation stated that Avery admitted to an addiction to adult pornography beginning in 2011, and she found that he was at low risk of recidivism. Most pertinent here, the report listed the following as "diagnostic impressions": "Posttraumatic Stress Disorder," "Major Depressive Disorder," and "Alcohol Use Disorder, in remission." The report stated that Avery "has had a history of mental health issues including Posttraumatic Stress Disorder and Major Depressive Disorder" and "has just recently initiated mental health treatment." However, the report does not specify whether these mental health issues were discovered by reviewing documentation of past diagnoses by other professionals, were instead the result of the psychologist's own independent diagnoses, or were instead self-diagnoses reported by Avery himself. The evaluation went on to recommend that Avery continue participating in mental health treatment, that he receive "possible medication management to address his mental health issues and provide guidance in setting appropriate interpersonal and sexual boundaries," and that he attend "AA and work[ ] with a sponsor."

On June 20, 2022, the court held the sentencing hearing. The court began by noting that the court file contained a letter from Avery's brother, the psychologist's evaluation, and the Department of Corrections' pre-sentence investigation report. The court heard testimony from several defense witnesses, who generally testified that Avery was hardworking, was devoted to his family, and had quit drinking, smoking, and swearing. Avery's wife also testified that he had worked in Afghanistan as a contractor, and that

experience—along with prior military service—made him nervous in loud, crowded places. She also testified that she believed Avery suffered from PTSD resulting from an abusive childhood.

Avery then allocuted. He expressed remorse for his crimes. He then testified that he grew up in a physically abusive, broken home, and that he was receiving counseling for those childhood experiences. He stated that his smoking, drinking, and pornography habits developed during his military service. He also described his failed first marriage and his dangerous work as a contractor in Afghanistan, and he indicated that he had developed a pornography addiction by the time he left Afghanistan. He then described various further hardships he endured and testified that he began overcoming his addictions through the support of family and a counselor. On redirect, Avery admitted that he has not been formally diagnosed "with PTSD or anything like that," but that he personally believes he suffers from PTSD.

Avery's guidelines score was 343.5 months of incarceration. The defense argued for a downward departure sentence due to Avery's substance abuse issues and pornography addiction, contending that he "required specialized treatment for a mental disorder." The State opposed a downward departure, observing that Avery has never been diagnosed with PTSD or depression, and that to qualify for a downward departure, he needs to suffer from a mental disorder that is unrelated to substance abuse or addiction and he must be amenable to treatment. It argued that because alcohol use is substance abuse and pornography is addiction, Avery could not meet his burden to qualify for the downward departure.

The court noted that Avery's offenses carried stiff statutory penalties, "and without a reason for a departure, I really don't have much." The court further observed that, "I've got your testimony saying you have never been diagnosed with PTSD," and while the psychologist indicated that Avery "has had a history of mental health issues, including post-traumatic stress disorder and major depressive disorder," the court stated, "I don't know where she got that information unless it was from you."

3

Before pronouncing sentence, the court clarified the basis for the defense's downward-departure request: "[T]he basis for the downward departure is the specialized treatment for a mental disorder. Are you considering the PTSD or arguing the self-diagnosed PTSD is the mental disorder?" Avery's counsel responded: "Yes, Your Honor. And . . . also the fact that" the psychologist "indicated—I know it was rather general, but just mental health issues. And the fact that I'm not aware of any treatment that he could receive in the department of corrections for that specifically."

The court then sentenced Avery to a downward-departure sentence of 10 years in prison, followed by 10 years of supervised probation, the first two years of which would be community control, Level 2. Regarding the basis for the downward departure, the court stated: "[B]ased on this evaluation from [the psychologist], and the state has agreed to it coming in, your childhood, the active duty that you've served, this doctor's recognition of post-traumatic stress disorder and major depressive disorder, I am finding that that is a basis for a downward departure."

The State made a contemporaneous objection on the record. It then appealed.

## II.

"A trial court may impose a downward departure from the lowest possible sentence only if there are circumstances or factors to support the departure; a trial court may not impose a downward departure in the absence of such circumstances or factors." *State v. Sawyer*, 350 So. 3d 427, 428 (Fla. 5th DCA 2022) (citing §§ 921.0024(2), 921.0026(1), Fla. Stat. (2021)). The defendant bears the burden "to establish that a valid reason for a departure exists." *Id.*

Whether a downward departure sentence was properly imposed is a mixed question of law and fact that we subject to a "two-pronged analysis." *Id.* "First, we must determine whether the trial court applied the correct rule of law and whether such application is supported by competent, substantial evidence." *Id.*

4

"Second, if the downward departure is supported by competent, substantial evidence, we must 'decide whether the trial court [abused its discretion] in determining that the downward departure sentence was the best sentencing option for the defendant.'" *Id.* at 428–29 (alteration in original) (quoting *State v. Johnson*, 224 So. 3d 877, 879 (Fla. 2d DCA 2017)). As to the first prong, to establish his qualification for a downward departure, Avery bore the burden to show that he "requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction" and that he "is amenable to treatment." § 921.0026(2)(d), Fla. Stat. (2022).

On this record, the evidence was insufficient to support a downward departure sentence under section 921.0026(2)(d). First, to the extent that Avery presented evidence of alcohol abuse and pornography addiction, that evidence was irrelevant; the statute requires a showing of a mental disorder "that is unrelated to substance abuse or addiction." *Id.*; *see also id.* § 921.0026(2)(m). Second, to the extent that Avery stated that he believes he suffers from PTSD and depression, we have held that a defendant's self-report of a mental disorder does not constitute competent, substantial evidence. *See Sawyer*, 350 So. 3d at 429. Third, to the extent that Avery's wife testified that he suffered from PTSD due to childhood trauma, her testimony likewise did not indicate any past diagnoses and instead appears to have rested on what Avery had told her about his past.

Fourth, to the extent that the psychologist reported that Avery has a history of mental health issues including PTSD and depression, the passage appears to recite Avery's own self-reporting. The report does not specify the source of the information, cites no documentation of past diagnoses, and does not state that the psychologist made any full, formal diagnoses herself; her findings were listed as only "diagnostic impressions." And any lack of clarity about the basis for her report—including the weight that her diagnostic impressions should carry—was removed by Avery's testimony and the trial court's findings. Avery conceded at sentencing that he had never been diagnosed "with PTSD or anything like that," but rather only personally believes he suffers from it. *See State v. McElroy*, 145 So. 3d 866, 869 (Fla. 2d DCA 2014) (reversing a downward departure sentence where

the defendant "offered no proof of a formal diagnosis made by a physician"). And the court inferred from Avery's testimony, "I don't know where [the psychologist] got that information unless it was from you." This amounts to a finding by the trial court that the psychologist did not make any independent, formal diagnoses, but instead merely recited Avery's self-reports. Given that finding, the trial court could not then rely on the report for competent, substantial evidence of a mental disorder.

Even assuming that Avery had presented competent, substantial evidence that he suffers from a mental disorder unrelated to substance abuse or addiction, he failed to present sufficient evidence that the disorder requires specialized treatment to which he is amenable. Avery testified that he has seen a counselor to address his substance abuse, addictions, and childhood trauma, but he did not testify that the counseling was treatment for PTSD, major depressive disorder, or any other mental disorder, much less that the counseling has a reasonable prospect of successfully treating the disorder. *See State v. Schuler*, 268 So. 3d 242, 245 (Fla. 5th DCA 2019) (citing *Green v. State*, 257 So. 3d 474, 475 (Fla. 4th DCA 2018)). Indeed, he testified that he sought out counseling on his own, rather than at the behest of a medical professional. As for the psychologist's report, it lacked any specificity on the nature of the treatment that Avery should receive, stating only that he should "continue to participate in mental health treatment and possible medication management to address his mental health issues and provide guidance in setting appropriate interpersonal and sexual boundaries." And even putting aside its lack of specificity, the report does not opine that any specialized treatment has a reasonable possibility of successfully treating a mental disorder. *See id.* (defining amenability to treatment).

In sum, the trial court did not have before it competent, substantial evidence to justify a downward departure under section 921.0026(2)(d).

## III.

For the foregoing reasons, we vacate Avery's sentence and remand this case to the trial court for further proceedings according to the remand instructions for open-plea resentencings

6

set forth in *McElroy*. *See* 145 So. 3d at 870 (citing *Jackson v. State*, 64 So. 3d 90, 93 (Fla. 2011); *State v. Sahadeo*, 890 So. 2d 464, 465 (Fla. 2d DCA 2004)). Specifically, on remand, the trial court must conduct a *de novo* resentencing hearing, and because Avery entered an open plea, he is not entitled to withdraw his plea. *Id.* However, "nothing within the [Criminal Punishment Code] precludes the imposition of a downward departure sentence on resentencing following remand" so long as any such downward departure sentence "is supported by valid grounds." *Jackson*, 64 So. 3d at 93.

VACATED and REMANDED for Further Proceedings.

EDWARDS, C.J., and SOUD, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____