DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH D. HENDERSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1593

[July 17, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432021CF000067A.

Thomas J. Butler of Thomas J. Butler, P.A., Miami Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant, who was convicted and sentenced for one hundred counts of possession of child pornography, appeals from the circuit court's denial of his motion requesting a downward departure sentence, which request had been based on two grounds: (1) his purported need for specialized treatment for a mental disorder that was unrelated to substance abuse or addiction, pursuant to section 921.0026(2)(d), Florida Statutes (2020), and (2) his purported cooperation with law enforcement, pursuant to section 921.0026(2)(i), Florida Statutes (2020).

The defendant argues the circuit court's comments in denying the downward departure motion indicated the circuit court's lack of impartiality in considering the motion. While we do not condone the circuit court's comments at issue, we consider the circuit court's comments to have been gratuitous and harmless. We therefore affirm the denial of the defendant's downward departure motion.

We will present the pertinent portions of the defendant's sentencing hearing, including the circuit court's comments, before turning to our review.

### *The Defendant's Sentencing Hearing*

At the defendant's sentencing hearing, the state pertinently argued:

> Your Honor … if this case sound[s] familiar to you, you had a similar case [involving a different defendant] this morning. …
>
> There is no reason to downward depart. … I have read the [psychologist's] report … [which] does address the defendant suffers from ["a mental disorder that is unrelated to substance abuse or addiction or for a physical disability."] [H]owever, … the second part of [section 921.0026(2)(d)] is that [the defendant] has to be ["]amenable to treatment.["]
>
> [T]he only time [the defendant has claimed] that he's amenable to treatment is in his allocution just now[.] [H]owever, he has not taken any steps in order to receive treatment prior to this.
>
> I would also note … the [d]efense … highlighted … [section 921.0026(2)(i)] that referenced … assisting law enforcement. I have [a] [d]etective … here today who would testify … that the person who[m] [the defendant] knew who was producing child pornography was doing so at the direction and the request of the defendant. …

At the hearing's conclusion, the circuit court denied the defendant's downward departure motion, imposed the lowest permissible sentence, and designated the defendant as a sexual offender. In denying the downward departure motion, the circuit court pertinently stated:

> [T]he Court doesn't find a sufficient basis [on which] to downward depart, but if there were a sufficient basis[,] I wouldn't have exercised my discretion to depart.
>
> These are horrific crimes. *I mentioned this morning that I've done [two] child porn cases all the way through trial to jury verdict and they're [the] most heinous, heinous crimes that I, even worse than murder. … [M]aybe not … worse than murder, but they're horrible and I've had, and I, they're something I never forget* and they are, they're the reason the Legislature has given us the guidelines on this.

(emphases added).

The defendant's appeal, seizing upon the circuit court's reference to the effect which other child pornography cases had upon the circuit court's views and/or feelings towards that crime, argues the circuit court lacked impartiality in considering the downward departure motion.

### *Our Review*

We acknowledge the circuit court's comments may have created an appearance that, in denying the defendant's downward departure motion, the circuit court had considered the effect which other child pornography cases had upon the circuit court's views and/or feelings towards that crime, rather than applying its discretion to the defendant's case only.

However, because the circuit court correctly found, in the first instance, that the defendant did not qualify for a downward departure under either of the two grounds upon which the defendant had relied, we consider the circuit court's later comments regarding why it would not have exercised its discretion to depart to be gratuitous and harmless.

As we reiterated in *Coto v. State*, 366 So. 3d 1 (Fla. 4th DCA 2023):

> To determine whether a downward departure sentence is appropriate, the trial court follows a two-step process. *First, the court must determine whether there is a valid legal ground for the departure sentence, set forth in statute or case law, supported by facts proven by a preponderance of the evidence. This step is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.* The second step requires the trial court to determine whether the departure is the best sentencing option for the defendant by weighing the totality of the circumstances.

*Id.* at 2 (emphases added; internal citations and quotation marks omitted). Where the circuit court "never reache[s] the second step, we need only determine whether the [circuit] court applied the correct rule of law in concluding no valid legal ground for departure existed." *Id.*

Here, as the state argued at the sentencing hearing, the preponderance of the evidence did not support either of the two grounds upon which the defendant had relied in support of his downward departure motion. *See,*

3

*e.g., State v. Wheeler*, 180 So. 3d 1117, 1120 n.1 (Fla. 5th DCA 2015) (because the police were already aware of the defendant's crimes at the time they questioned him, his cooperation at that time did not serve as a mitigating factor). Thus, the circuit court correctly did not "find a sufficient basis [on which] to downward depart."

At that point, the circuit court did not need to reach the second step of the two-step downward departure process. While we recognize the circuit court may have addressed the second step in an abundance of caution, the circuit court's gratuitous comments regarding the effect which other child pornography cases had upon the circuit court's views and/or feelings towards that crime do not affect our determination that the circuit court correctly concluded the facts did not support a legal ground for a downward departure.

The sole case upon which the defendant relies, *Barnhill v. State*, 140 So. 3d 1055 (Fla. 2d DCA 2014), is close factually, but distinguishable legally. Like the defendant here, Barnhill entered an open guilty plea to multiple counts possession of child pornography. *Id.* at 1057. Also like the defendant here, Barnhill requested a downward departure sentence based on an alleged need for specialized treatment for a mental disorder that was unrelated to substance abuse or addiction, pursuant to section 921.0026(2)(d), Florida Statutes (2010), and his alleged cooperation with law enforcement, pursuant to section 921.0026(2)(i), Florida Statutes (2010). *Id.*

The trial court denied Barnhill's request for a downward departure, but in doing so, pertinently stated:

> I just want you to know that I struggle on these cases, not just Mr. Barnhill's, but these types of cases every single day of my life since I've been put into this division, and there's not one day that goes by, not one, that I don't think about these cases.
>
> ...
>
> This child pornography phenomenon, if you will, is becoming an epidemic. It's bigger, I think, than what any of us in this room or in law enforcement circles absolutely realize. ...
>
> ...

4

But I guess first and foremost, I want you to know that there is not one thing that the [S]tate of Florida can, has or ever will be able to say that is going to cause me to sentence someone that I don't believe the sentence is appropriate, for whatever that is worth.

...

And there is no magic answer as to whether you're going to reoffend, or you're not going to reoffend in this particular case, whether you're going to touch or you're not going to touch....

...

After listening to all of the witnesses and the presentation not only by your attorney and your family and friends ... as well as listening to the presentation ... by the [S]tate of Florida, I'm going to find that there is no legal reason at this point in time to downward depart.

*Id.* at 1058-59.

The Second District reversed Barnhill's sentences and remanded for resentencing before a different judge. *Id.* at 1061. The Second District pertinently reasoned:

[T]he ultimate issue in this case is whether the trial court properly applied the two-part test .... *We conclude that the trial court did not, instead electing to apply a general standard based on the nature of the crimes involved.*

...

While the trial judge in this case did attempt to circumscribe himself by asserting that the State's arguments would not cause him to impose an inappropriate sentence, it is clear from the rest of the trial judge's comments that evidence from other hearings factored into his decision not to downwardly depart. It is also apparent that in considering Barnhill's sentence, the trial judge lumped Barnhill with all other similarly charged defendants irrespective of the testimony that Barnhill presented at sentencing.

... The decision not to downwardly depart and the sentence ultimately imposed in this case may, in fact, be appropriate. But even to the most casual observer, it could not be believed that Barnhill received a hearing in a dispassionate environment before a fair and impartial judge. Rather, the transcript reflects the trial judge here was deeply concerned not by the facts specific to Barnhill's case but by the general nature of the crimes involved and the potential for defendants charged with these types of crimes to progress into crimes involving "hands-on" contact with children. Thus[,] the trial judge at least implied that he would not consider a downward departure in child pornography cases as a general policy.

*Id.* at 1061 (emphases added; internal citations omitted).

Unlike the trial judge in *Barnhill*, the circuit court here properly applied the two-part test, by first determining that the grounds upon which the defendant had based his downward departure motion were not supported by the facts, as summarized by the state. The record supports the circuit court's determination. Thus, the circuit court did not apply a general policy based on the nature of the crimes involved. For that reason, we affirm the circuit court's denial of the defendant's downward departure motion.

We nevertheless caution the circuit court—and other courts throughout our district and the state—that generalized comments such as those which the circuit court voiced here as part of its gratuitous second-step analysis, undermine the appearance that the defendant is being sentenced by an impartial judge who will consider only the evidence presented to the court within that case. As the Second District aptly stated in *Barnhill*:

We recognize that these types of cases are disturbing by their very nature and that trial judges must deal with them on a regular basis. As a result, we are not unsympathetic to the difficulty that each trial judge must face when presiding over such cases. However, *trial judges are required to rise above the disturbing nature of these and other crimes and to provide every defendant a fair opportunity to be heard by an impartial judge who will consider only the evidence presented to the court within that case*.

*Id.* (emphases added).

*Affirmed.*

6

WARNER and KUNTZ, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*